**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BAM FRANCHISING INC., a Delaware Corporation,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DOES 1-10,**<br><br>**Defendants.** | **ORDER GRANTING EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>**Case No. 2:26-cv-00895**<br><br>**United States District Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff BAM Franchising Incorporated (BAM) moves for leave to serve third-party subpoenas before the Rule 26(f) conference in order to identify the John Doe Defendants in this case.[1] BAM is suing the unidentified defendants for breach of contract and misappropriation of trade secrets, alleging that Plaintiff's confidential and proprietary information, related to the essential operations of its franchise network, has been systematically leaked and published on third-party websites.[2]

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[3] "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the

[1] ECF No. 3, Plaintiff's Ex Parte Motion for Expedited Discovery.

[2] ECF No. 1, Complaint at ¶¶ 9-11, 17-33.

[3] Fed. R. Civ. P. 26(d)(1).

requested departure from usual discovery procedures."[4] Courts have found good cause to permit expedited discovery where it is necessary to identify John Doe defendants.[5]

BAM has shown good cause for expedited discovery. BAM alleges defendants have leaked their proprietary information on-line and that the unauthorized disclosure has caused substantial harm.[6] Additionally, Plaintiff has no other means to identify defendants, having exhausted its internal investigation methods.[7] As hosting providers for the websites publishing Plaintiff's confidential materials, BAM represents that subpoenas to third-parties Vercel, Inc. and GoDaddy.com, LLC will assist them in obtaining the necessary information.

For these reasons, BAM's motion to expedite discovery and subpoena records from third-parties is granted.[8] Plaintiff may serve subpoenas on third-parties, including Vercel, Inc. and Go.Daddy.com, to obtain subscriber information, account records, IP address logs, deployment records and any other information that might allow BAM to identify and properly serve an amended complaint that contains the defendants' true identities and capacities.

---

[4] *Vient v. Ancestry,* 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2029) (unpublished) (quoting *Qwest Communications International Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003)).

[5] *See, e.g., Volkswagen Group of America v. Doe,* 2022 U.S. Dist. LEXIS 124268, at *1 (D. Utah July 12, 2022) (unpublished) (finding good cause for expedited discovery in order to identify and serve the defendant alleged to be unlawfully operating impersonating website).

[6] ECF No. 1 at ¶ 46.

[7] *Id.* at ¶ 45.

[8] ECF No. 3.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2026.

BY THE COURT:

______________________________
Dustin B. Pead
U.S. District Magistrate Judge