GREGORY C. BELMONT
℅ CereBel Legal Intelligence[1]
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **EXPEDITED MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING A STAY AND REVIEW OF DISCOVERY ORDER (ECF 6)**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Proposed Intervenor Gregory C. Belmont ("Movant") moves under Federal Rule of Civil Procedure 24(a)(2), or alternatively Rule 24(b)(1)(B), to intervene for a limited purpose: to seek a stay and review of the Court's September 30, 2026 Order Granting Ex Parte Motion for Expedited Discovery (ECF 6), and to participate in proceedings concerning identifying discovery authorized by it. He asks the Court to:

1. Consider this motion on an expedited basis, together with Movant's separately filed motion to stay ECF 6 in part, which DUCivR 72-2(c) directs to the issuing magistrate judge;

2. Grant limited intervention for those purposes;

[1] For required paper filings, Movant uses an office mailing address where a USPS-registered commercial mail receiving agent receives his *personal* mail in care of a project name.

3. Accept Movant's proposed objections under Rule 72(a) (Exhibit A) as filed upon intervention, effective as of the date they were submitted, and excuse a separate pleading under Rule 24(c), or set a time to file one; and

4. If the Court sets a hearing, permit Movant, who resides in New York and appears pro se, to appear remotely.

The grounds are short. On September 30, 2026, on BAM's ex parte motion, the Court granted BAM leave to serve subpoenas on "third-parties, including Vercel, Inc. and Go.Daddy.com," for "subscriber information, account records, IP address logs, deployment records and any other information that might allow BAM to identify" the Doe defendants. ECF 6 at 2. The subpoenas attached to BAM's motion define their target as the operators, editors, and authors of thebammap.com, a news site the complaint describes as a recipient of disclosures, and reach records that BAM says may identify its sources. No defendant has appeared, and the order does not require notice to affected account holders or sources or provide a specific opportunity for them to seek protection before production. Movant regularly reads the site's reporting on BAM. Rule 24 permits him to be heard, and Rule 72(a) and DUCivR 72-2 provide the means to review the order before identities are disclosed.

**I. RELEVANT FACTS**

**A. BAM's prior ex parte order and Movant's prior motion.** This is not BAM's first ex parte request touching speech about it. On May 28, 2026, BAM obtained an ex parte temporary restraining order in Utah state court against a YouTube creator and others; the case was later removed to this Court. *BAM Franchising, Inc. v. Schneider*, No. 2:26-cv-00593-DBB-CMR, ECF 10, Statement of Relevant Facts ¶ 2.

Its verified complaint described a creative graphic in the creator's video this way: "An implied depiction of the threatened violence associated with the 'hard way' is an explosion at BAM's corporate headquarters." State Verified Compl. ¶ 70 (No. 00593, ECF 1-4 at 22); *see* Declaration of Gregory C. Belmont ("Decl.") ¶ 9. Here, too, BAM invokes physical safety, describing the site's report of the dates and hotel for its owners' conference as "a significant physical-security concern," ECF 3 at 4, but it identifies no specific threat and offers no declaration. (ECF 6 did not rely on that concern. ECF 6 at 1–2.)

BAM told the state court its proposed order "will not restrain lawful criticism or reporting." Pls.' Ex Parte Mot. for TRO & Prelim. Inj. at 34, *BAM Franchising, Inc. v. Schneider*, No. 260402353 (Utah 4th Jud. Dist. Ct.) (No. 00593, ECF 1-4 at 367). The order it obtained required removal of "the current Publications." TRO ¶ 5(k) (quoted in No. 00593, ECF 10 at 11). The next day, BAM sent Patreon a "Request for Immediate Content Removal Pursuant to TRO." No. 00593, ECF 10, Statement of Relevant Facts ¶ 6. On June 9, the creator announced that his finished episode was done "but I can't post it," attributing his silence to the TRO. *Id.* ¶ 4.

Movant moved to intervene in that case, before and after removal, to protect his interest in receiving that reporting. *Id.* ECF 10. The parties then stipulated to a preliminary injunction without the TRO's publication restrictions. Movant advised the Court he no longer sought intervention, "subject to renewal if any party later seeks relief that would restrain, remove, suppress, prohibit, or otherwise restrict lawful speech or receipt of speech." *Id.* ECF 24 at 2. The Court denied his motion without prejudice as moot. *Id.* ECF 26.

**B. The complaint.** BAM sued ten Does on September 25, 2026. It alleges, on information and belief, that "one or more of the Defendants are current or former franchisees,

employees, or other persons who obtained access to Plaintiff's Confidential Information pursuant to contractual obligations." Compl. ¶ 14. It alleges they disclosed that information to third parties, "including the operators of thebammap.com." *Id.* ¶ 67. It pleads breach of contract and trade-secret misappropriation under Utah and federal law, and prays for damages. *Id.* ¶¶ 63–97 & Prayer. The complaint is not verified.

The complaint also describes other routes to the leakers. BAM's review of its own Google Drive audit logs identified "at least one current or former franchisee as a suspected source." *Id.* ¶ 45; *see id.* ¶¶ 53–54. Google and Slack, BAM says, hold access records that "may identify" who took the documents. *Id.* ¶¶ 58–59. When BAM sent a takedown notice to the site's host, the site removed the flagged material within three days. *Id.* ¶¶ 29–30. And BAM pleads that the site told readers a source was "protected," and that a franchisee used the site's anonymous right-of-reply channel. *Id.* ¶¶ 27, 36–37.

BAM has demanded the identities of the site's sources before. On July 28, 2026, BAM wrote to thebammap.com demanding "the identities of all persons who provided or published the materials." The site declined. Decl. ¶ 5. Two months later, BAM filed this action.

**C. The ex parte motion and its subpoenas.** Three days later, BAM filed ECF 3 ex parte. It sought discovery "to ascertain the identity and contact information of Defendants for service of process." ECF 3 at 2. It attached no declaration. The attached subpoenas define "Website Operator" as every person who "registered, created, owned, operated, managed, administered, maintained, edited, authored content for, or otherwise controlled" thebammap.com. ECF 3, Exs. B–C, Attach. A, Defs. 1, 7. They demand the operator's identity, billing and payment records, administrative and posting IP logs, upload records, every communication with

the host, takedown records, deployment history, and every other service provider the site uses. *Id.* Reqs. 1–8. They propose production for October 16, 2026, at 5:00 p.m. ECF 3 at 10, 17.

**D. The September 30 order.** Two days after BAM filed ECF 3, and without hearing from anyone other than BAM, the Court granted it. ECF 6. The order finds that BAM "has no other means to identify defendants, having exhausted its internal investigation methods," citing complaint ¶ 45. *Id.* at 2 & n.7. It authorizes subpoenas on "third-parties, including Vercel, Inc. and Go.Daddy.com," for "subscriber information, account records, IP address logs, deployment records and any other information that might allow BAM to identify and properly serve an amended complaint that contains the defendants' true identities and capacities." *Id.* at 2.

It does not require notice to affected account holders or sources or provide a specific opportunity for them to seek protection before production; its recipient list is open, it sets no limit by account or date, and its listed categories end in a catch-all for "any other information." *See id.* It does not address the First Amendment or reporter's privilege; no one represented them.

**E. Proposed Intervenor.** Movant has read thebammap.com's reporting on BAM since late June 2026, including its July 29 and September 26, 2026 reports. Decl. ¶ 5. He follows it for developments in *Schneider* litigation and in public controversies involving BAM, relies on it for primary-source documents, knows of no other source that publishes that material as frequently, and intends to keep reading it. *Id.* ¶¶ 6–7. He has no relationship with BAM, any BAM franchisee, or the site's operators, and he does not know who operates or supplies it. *Id.* ¶¶ 8, 10.

**II. ARGUMENT**

**A. Movant may intervene as of right.** Rule 24(a)(2) requires a timely motion, an interest relating to the subject of the action, possible impairment of that interest, and inadequate

representation. *Kane Cnty. v. United States*, 928 F.3d 877, 889–90 (10th Cir. 2019). The inquiry is practical, and the burden to show possible impairment is minimal. *Id.* at 891.

**Timeliness.** Movant seeks intervention the day after ECF 6 issued and before any production known to him. Hearing him now, on an expedited schedule confined to the identifying discovery, avoids undue delay to BAM's efforts to identify and serve defendants. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

**Interest.** The First Amendment protects a communication "to its source and to its recipients both." *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976). The Tenth Circuit recognizes the standing of those whose access to information a court order restricts. *Journal Publ'g Co. v. Mechem*, 801 F.2d 1233, 1235–37 (10th Cir. 1986). Movant's interest relates to the transaction at the center of this action. BAM sues over disclosures it says reached thebammap.com, Compl. ¶¶ 44, 53, 67, and ECF 6 authorizes subpoenas to trace them, ECF 6 at 2; *see* Compl. ¶ 56. Movant reads reporting that disclosures produced. Decl. ¶¶ 5–7.

**Impairment.** The question is whether disposing of the matter "may as a practical matter impair or impede" that interest. Fed. R. Civ. P. 24(a)(2). BAM says the subpoenaed records "may identify the operator of thebammap.com website and the individuals who provided Plaintiff's Confidential Information to that website," Compl. ¶ 56, and ECF 6 now authorizes that discovery, ECF 6 at 2. BAM also alleges that those individuals relied on "the websites' anonymity protections." Compl. ¶ 55. Disclosure on those terms creates a substantial risk that the sources stop supplying the reporting Movant reads. And disclosure cannot be undone: an identity, once produced, stays produced.

**Inadequate representation.** No appearing party advances Movant's interest in continuing to receive this reporting. BAM seeks disclosure of the identities whose confidentiality is at issue, no defendant has appeared, and ECF 6 issued ex parte without requiring notice to the site's operators or sources or providing a specific opportunity for them to seek protection before production. The burden on this element is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). It is met where no one represents the interest at all.

**B. Movant has standing for the limited relief he seeks.** Because Movant seeks a stay and protective conditions that no appearing party requests, he must show standing for that relief. *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439–40 (2017); *see Kane Cnty.*, 928 F.3d at 886–88. He does so below. Separately, and whatever the Court concludes about standing, the Court may limit discovery itself: Rule 26 requires it, "[o]n motion or on its own," to limit discovery that can be obtained from a more convenient source or that falls outside the permitted scope. Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

**Injury.** A threatened injury suffices when there is a "substantial risk" that it will occur. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). A listener's injury is cognizable "only where the listener has a concrete, specific connection to the speaker." *Murthy v. Missouri*, 603 U.S. 43, 75 (2024). The *Murthy* plaintiffs could not tie any specific instance of content moderation to an identifiable harm to themselves as listeners. *Id.* at 74–75. Movant identifies a specific publication: one he has read regularly since June 2026, on subjects he follows, in reports he can date, and on which he relies for primary-source documents that he knows of no other source publishing as frequently. Decl. ¶¶ 5–7. His injury is the loss of that reporting, not a procedural right "in vacuo." *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009).

**Causation.** BAM's own allegations provide a concrete basis for predicting source deterrence. BAM alleges that its sources "concealed their identities by providing materials anonymously to third-party websites and by using the websites' anonymity protections." Compl. ¶ 55. It alleges that the site described a source as "protected" and received information from a franchisee through an anonymous channel. *Id.* ¶¶ 27, 36–37. And it seeks the site's records because they "may identify . . . the individuals who provided Plaintiff's Confidential Information to that website." *Id.* ¶ 56. BAM's allegations support an inference that confidentiality matters to those sources and that identifying them to BAM risks deterring further contributions to the reporting Movant receives. Standing may rest on "the predictable effect of Government action on the decisions of third parties," *Dep't of Commerce v. New York*, 588 U.S. 752, 768 (2019), and a court order compelling disclosure is such action, *see Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987). ECF 6 has already authorized the discovery directed at identifying these speakers, and BAM has declined Movant's request to secure identifying records against review or further disclosure pending judicial review. ECF 6 at 2; Decl. ¶ 13.

The alleged reliance on anonymity, the site's continuing source-based reporting, and the authorized identification process together support a substantial risk of diminished reporting to Movant. Decl. ¶¶ 5–6; *see* Compl. ¶¶ 38, 94.

In *Clapper*, the alleged injury depended in part on whether the Government would target the plaintiffs' foreign contacts and whether the Foreign Intelligence Surveillance Court would approve the Government's procedures. *Clapper v. Amnesty Int'l USA, 568 U.S. 398, 410–14 (2013).* Here, BAM has already sought and obtained authorization for discovery directed at the publication Movant reads. *ECF 6 at 2; ECF 3, Exs. B–C, Attach. A, Def. 1.* BAM's allegations

that the sources relied on the site's anonymity and that the records sought may identify them make it predictable that the threat of identification will likely deter further contributions. *Compl. ¶¶ 27, 36–37, 55–56; Dep't of Commerce, 588 U.S. at 767–68* (rejecting the Government's reliance on *Clapper* where the evidence showed that third parties would "likely react in predictable ways").

Movant's experience in the prior case explains his concern about losing access to reporting. That case involved a different speaker and a direct restraint, but after BAM's ex parte order there, the creator Movant followed withheld his finished episode, and reporting Movant paid to receive stopped. No. 00593, ECF 10, Statement of Relevant Facts ¶¶ 4, 6; Decl. ¶ 4.

**Redressability.** Requiring identifying records to remain unopened and unreviewed in counsel's custody would prevent those records from exposing sources' identities while the Court considers the requested protections. Notice and review before disclosure would permit affected speakers to assert applicable protections and the Court to limit unnecessary identification. That relief would reduce the risk that disclosure interrupts the source relationships supporting the reporting Movant receives.

**C. Alternatively, the Court should permit intervention.** Rule 24(b)(1)(B) permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." The Tenth Circuit has approved limited intervention to challenge a protective order governing discovery. *United Nuclear*, 905 F.2d at 1427. Movant's question, whether ECF 6 should be stayed, set aside, or narrowed under the First Amendment and Rules 26, 45, and 72(a), concerns the very discovery the main action has generated. Intervention will not unduly delay or prejudice the adjudication: no defendant has appeared, and Movant asks to

be heard on one order. Fed. R. Civ. P. 24(b)(3).

**Rule 24(c).** Movant requests that the Court excuse a separate pleading because this motion, his declaration, and proposed objections (Exhibit A) identify his grounds, interest, and requested relief. Courts permit limited intervention of this kind to address orders governing discovery. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474–75 (9th Cir. 1992). Alternatively, he requests leave to file one within a Court-set deadline.

**D. The objections and the stay motion should be considered promptly.** A party may object to a magistrate judge's nondispositive order "within 14 days after being served with a copy," and the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Because Movant is not yet a party, he submits his objections with this motion and asks that they be accepted upon intervention as of the date submitted. As DUCivR 37-1(f)(2) requires for objections to discovery rulings, he requests expedited treatment. A motion to stay a magistrate judge's order is decided by the magistrate judge who issued it, DUCivR 72-2(c), so Movant has filed that motion separately. Disclosure of an identity cannot be reversed by a later ruling; prompt consideration preserves the Court's ability to grant meaningful relief.

Exhibit A explains why ECF 6 should be set aside or narrowed. Its finding that BAM has no other means rests on a paragraph describing a suspect identified from BAM's own logs and on a general exhaustion allegation that does not explain the breadth requested; its authorization reaches beyond identifying defendants and is open-ended as to recipients; it did not address the First Amendment and privilege interests no one was present to raise; it does not require notice to affected account holders or sources or provide a specific opportunity for them to seek protection

before production; and it would permit requests reaching material whose disclosure the Stored Communications Act prohibits. Ex. A § IV.

**III. CONCLUSION**

Movant respectfully requests expedited consideration, limited intervention without a separate pleading, acceptance of the proposed objections as filed upon intervention for decision after Plaintiff's opportunity to respond, and entry of the proposed order (Exh. C). The separately filed motion to stay ECF 6 in part is directed to the issuing magistrate judge. DUCivR 72-2(c).

DATED this 1st day of October, 2026.

Respectfully submitted,

/s/ Gregory C. Belmont
Gregory C. Belmont
Proposed Intervenor, Pro Se

**CERTIFICATE OF COMPLIANCE**

I, Gregory C. Belmont, certify that this motion contains 3,001 words and complies with DUCivR 7-1(a)(4).

/s/ Gregory C. Belmont
Gregory C. Belmont

**INDEX OF EXHIBITS**

Movant respectfully submits the following index of exhibits accompanying his Motion to Intervene:

| Exhibit | Description | Source Record Reference |
|---|---|---|
| **Exhibit A** | [Proposed] Objections Under Rule 72(a) to the Discovery Order (ECF 6) | Filed Herewith |
| **Exhibit B** | Declaration of Gregory C. Belmont | Filed Herewith |
| **Exhibit C** | [Proposed] Order Granting Limited Intervention | Filed Herewith |
| **Exhibit D** | [Proposed] Interim Order Staying Discovery Order in Part | Filed Herewith |

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, a true and correct copy of the following documents:

1. Expedited Motion to Intervene,
2. Exhibit A: [Proposed] Objections Under Rule 72(a) to Discovery Order,
3. Exhibit B: Declaration of Gregory C. Belmont,
4. Exhibit C: [Proposed] Order Granting Limited Intervention,
5. Exhibit D: [Proposed] Interim Order Staying Discovery Order in Part, and
6. Expedited Motion to Stay Discovery Order in Part Pending Resolution of Limited Intervention and Rule 72(a) Objections, with its Exhibit A (the proposed interim order)

were emailed to the Clerk's Office at utdecf_clerk@utd.uscourts.gov for filing. Upon docketing, the Court's CM/ECF system is expected to send a notice of electronic filing to counsel of record for Plaintiff, Matthew J. Orme and Kyle K. Tucker of Dentons Durham Jones Pinegar P.C. I also emailed a copy to matt.orme@dentons.com and kyle.tucker@dentons.com as a single pdf.

/s/ Gregory C. Belmont

Gregory C. Belmont
October 2, 2026