**EXHIBIT B**

GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **DECLARATION OF GREGORY C. BELMONT IN SUPPORT OF EXPEDITED MOTIONS TO INTERVENE AND TO STAY AND OF PROPOSED RULE 72(a) OBJECTIONS**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

I, Gregory C. Belmont, declare under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. **Identity.** I am an individual over the age of 18, a resident of the State of New York, and have personal knowledge of the facts below.

2. **Purpose.** I submit this declaration in support of my motion to intervene for the limited purpose of seeking a stay and review of the Court's September 30, 2026 Order Granting Ex Parte Motion for Expedited Discovery (ECF 6), my motion to stay that order, and my proposed objections under Rule 72(a).

3. **Interest.** Since late May 2026, I have followed public reporting and commentary about a dispute involving the Plaintiff that came to my attention through a widely viewed YouTube

video. The dispute concerns consumer fairness, franchising, civil litigation, and police conduct. I also comment, privately and occasionally publicly, on legal issues of broad interest, including police conduct. A video I produced analyzing an instance of police misconduct has received more than one million views on YouTube.

4. **Prior Intervention.** In *BAM Franchising, Inc. v. Schneider*, No. 2:26-cv-00593-DBB-CMR, and its predecessor state case, I moved to intervene to protect my interest in receiving reporting restricted by an ex parte state-court order. My declaration in that case (No. 00593, ECF 10, Ex. A) describes how, the day after the order issued, BAM sent Patreon a "Request for Immediate Content Removal Pursuant to TRO," and how the defendant creator whose reporting I followed later announced that he could not post his finished episode. I paid for access to that creator's reporting on Patreon about a dispute between the Plaintiff and a customer. After the order, and until a preliminary injunction without its speech restrictions replaced it, I no longer received that reporting.

5. **Thebammap.com.** I have read thebammap.com's reporting on BAM Franchising, Inc. since late June 2026, and I visit the site frequently. I read the site's July 29, 2026 update and its September 26, 2026 update. The July 29, 2026 update reproduces a July 28 letter to the site from BAM's legal team demanding "the identities of all persons who provided or published the materials," and reports that the site declined.

6. **Unique Reporting.** I follow the site for its reporting on, among other things, BAM's communications to franchisees, store closures, franchisee disputes, criminal prosecutions of journalists, police conduct, and this and related litigation. I especially value the timeliness of its reporting, its publication of primary-source information and documents, and the unique

fact-checking grades it applies to published reports. I know of no other source that reports on or publishes this primary-source material as frequently or using such a credibility rubric. Reports I have read on the site present internal BAM documents or information that the site attributes to sources within BAM's franchise system.

7. **Intention to Continue.** I intend to continue visiting and reading thebammap.com and follow news related to BAM by consuming publications by many YouTube content creators and others who may be subject to Plaintiff's subpoenas without further notice. Compl. ¶ 67.

8. **No Knowledge.** I do not know who operates thebammap.com or bamopsmanual.com (the "Target Websites") or who supplies them with information or documents. I have never contacted, or attempted to contact, anyone who operates or supplies them. I have never accessed any BAM system, other than visiting bricksandminifigs.com in an ordinary web browser.

9. **Video Graphic.** I watched the May 21, 2026 video described in paragraph 70 of BAM's state-court verified complaint in *BAM Franchising, Inc. v. Schneider*, No. 260402353 (Utah 4th Jud. Dist. Ct.)(No. 00593, ECF 1-4 at 22), titled "I tracked down the thief who stole $200,000 of LEGO" (https://youtu.be/wscQpkcwgNU). From the 14:44 mark to the 15:00 mark, just after a face-to-face conversation in an office building hallway in which YouTube creator Ben Schneider and the CEO of BAM Franchising appear unable to resolve a disagreement over ownership of a stolen LEGO collection, the video shows, in sequence: (i) a graphic with the words "The Easy Way" appearing suspended over the same hallway; (ii) an animated cartoon explosion over those words in the same hallway location; and (iii) a graphic with the words "The Hard Way" suspended over the same location in which

destructive effects of an explosion do not appear. I understood the sequence to mean that the dispute had not been resolved amicably and that Schneider would continue reporting on the dispute using his unusual performative journalism methods which are shown in the video to include, among other non-violent methods, small claims suits, public signage, and various shame inducing methods. I did not understand it as a threat to do physical harm. The following are screenshots of this video sequence with the middle image being taken directly from State Verified Compl. ¶ 70 (No. 00593, ECF 1-4 at 22).







10. **No Relationships.** I have no business, employment, contractual, or social relationship with BAM, any BAM franchisee known to me, the operators of the Target Websites, the defendants in No. 00593, or Vercel, Inc. I am a customer of GoDaddy.com, but I have no relationship with its management or employees.

11. **Personal Interest.** I file this proposed intervention individually and pro se, not on behalf of any other person or entity. My interest in these issues predates this dispute and includes prior amicus participation on First Amendment and access-to-justice questions. The mailing address above is a commercial mail receiving agency where I receive personal mail.

12. **Timing.** I learned of this action over the weekend of September 26–27, 2026, from a thebammap.com update and a live legal-analysis broadcast on YouTube. I learned of ECF 3 on September 29 and of ECF 6 on September 30, 2026, by monitoring the docket on a public website.

13. **Request for a Voluntary Hold.** In the evening of September 30 and the afternoon of October 1, 2026, I communicated by telephone and email with Plaintiff's counsel, Kyle K. Tucker and Matthew J. Orme. I initially requested that BAM refrain from serving subpoenas and requesting, receiving, reviewing, or using identifying records through noon Mountain Time on October 2 to permit judicial review and potentially avoid emergency relief. After counsel declined, I requested that BAM secure records identifying, or likely to identify, thebammap.com's operators, editors, authors, or sources against review or further disclosure pending resolution of my intervention request and, if granted, my Rule 72(a) objections to ECF 6. Counsel stated that he saw no legal basis for BAM to agree.

14. **Service and Production.** I do not know whether any subpoena authorized by ECF 6 has been served or whether any record has been produced.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 1, 2026, at New York, New York.

/s/ Gregory C. Belmont
Gregory C. Belmont
October 1, 2026