**EXHIBIT D**

GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **[PROPOSED] INTERIM ORDER STAYING THE DISCOVERY ORDER (ECF 6) IN PART**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

On Gregory C. Belmont's motion to stay the Order Granting Ex Parte Motion for Expedited Discovery (ECF 6) in part, and for good cause shown, the Court ORDERS:

1. This Order applies to records produced under ECF 6 that identify, or are likely to identify, the operators, editors, authors, or sources of thebammap.com ("covered records"). ECF 6 is STAYED to the extent it would permit review, use, or further disclosure of covered records while this Order remains in effect. This Order is effective upon entry. Production remains subject to applicable statutory restrictions, including 18 U.S.C. § 2702, and to objections under Rule 45; this Order governs the handling of records otherwise lawfully produced.

2. Covered records shall be delivered only to Plaintiff's counsel, who shall retain them securely, segregated from materials accessible to Plaintiff, without substantive review, use, or further

disclosure. A production responsive to a request for identifying records shall remain unopened unless the Court authorizes a screening procedure. Counsel may perform the administrative acts necessary to secure a delivery, including an unrequested electronic delivery, without examining its contents or identity-revealing metadata. Plaintiff shall ask recipients to transmit covered records inside a closed package, with neutral cover messages and file names.

3. Paragraph 2 applies to covered records received before this Order. If any covered record has already been reviewed or disclosed, counsel shall report that fact and its extent under paragraph 5 and request directions.

4. Plaintiff shall promptly send this Order to each recipient of a subpoena issued under ECF 6, in all events within one business day after entry or, for a later subpoena, with service; ask that covered records be delivered only as paragraph 2 provides, and request preservation of responsive records.

5. Within one business day, Plaintiff shall file and serve on Belmont a notice identifying each subpoena recipient, the dates of service and return, whether production has occurred, any prior review or disclosure of covered records, and any refusal to preserve or other reported risk of loss. Within one business day after any later production, Plaintiff shall report the producing entity and the date of production. No notice shall reveal protected identities or contents.

6. No covered record may be lodged with the Court except under a court-approved procedure for sealed or in camera review.

7. If intervention is granted, this Order remains in effect until the District Judge rules on Belmont's objections under Rule 72(a), subject to any restrictions imposed in that ruling. If the District Judge returns the covered discovery for further consideration, this Order continues until

further order. If intervention is denied, it expires two business days after entry of that ruling. In either case, the Court may modify or extend it. A request to modify this Order shall identify the affected records and the factual basis for relief and shall be served on Belmont.

IT IS SO ORDERED.

Dated: ________________, 2026

BY THE COURT:

_________________________________________________

Dustin B. Pead
United States Magistrate Judge