GREGORY C. BELMONT
% CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **EXPEDITED MOTION TO STAY THE DISCOVERY ORDER IN PART PENDING RESOLUTION OF LIMITED INTERVENTION AND RULE 72(a) OBJECTIONS**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

**RELIEF REQUESTED AND GROUNDS**

Proposed Intervenor Gregory C. Belmont ("Movant") moves under DUCivR 72-2(c) and the Court's authority over discovery, see Part II.E below, to stay in part the Order Granting Ex Parte Motion for Expedited Discovery (ECF 6), pending resolution of his motion to intervene and his objections under Rule 72(a). The requested stay is limited. It would not stop service or production. It would require that records identifying, or likely to identify, the operators, editors, authors, or sources of thebammap.com be held by the counsel of Plaintiff BAM Franchising, Inc. ("BAM"), unopened and unreviewed, until the District Judge rules, and that BAM report what has been served and produced. Movant asks that the order take effect on entry. A proposed order

is submitted as Exhibit A. Movant reserves the right to seek broader relief if service or production makes it necessary.

The grounds are short. An identity, once reviewed, cannot be made secret again, and ECF 6 issued without hearing from affected speakers or sources. Holding identifying records unopened preserves BAM's evidence and the Court's ability to decide the objections before the harm they address occurs.

**I. BACKGROUND**

BAM moved ex parte on September 28, 2026 for leave to subpoena Vercel, Inc., GoDaddy.com, LLC, and unnamed others. ECF 3. The attached subpoenas define their target as every person who "edited" or "authored content for" thebammap.com and propose production on October 16, 2026. ECF 3, Exs. B–C, Attach. A, Def. 7; ECF 3 at 10, 17. On September 30, the Court granted the motion and authorized subpoenas on "third-parties, including Vercel, Inc. and Go.Daddy.com," for "subscriber information, account records, IP address logs, deployment records and any other information that might allow BAM to identify" the defendants. ECF 6 at 2. ECF 6 contains no provision delaying production or requiring notice to affected account holders.

On September 30, 2026, Movant asked BAM's counsel to refrain from serving subpoenas and requesting, receiving, reviewing, or using identifying records through noon Mountain Time on October 2. Counsel declined. During further conferral on October 1, Movant requested that BAM secure records identifying, or likely to identify, thebammap.com's operators, editors, authors, or sources against review or further disclosure pending resolution of intervention and, if granted, the Rule 72(a) objections. Counsel stated that he saw no legal basis for BAM to agree. Declaration of Gregory C. Belmont ("Decl.") ¶ 13, filed as Exhibit B to the Motion to Intervene.

Movant does not know whether any subpoena has been served or whether any record has been produced. *Id.* ¶ 14.

**II. ARGUMENT**

**A. The Court should enter the order on an expedited basis.** The requested order preserves the status quo while the Court considers intervention and the objections. The present record does not show when production will occur, and ECF 6 contains no hold of its own. Movant therefore asks that the order take effect on entry, rather than await a dispute over timing. The Court has "broad discretion over the control of discovery." *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010).

**B. The stay factors favor the limited relief requested.** Courts weigh whether the movant has made a strong showing that he is likely to succeed, whether he will be irreparably injured absent a stay, whether a stay will substantially injure other interested parties, and where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Applied together with the Court's discretion over discovery, each factor supports the requested order.

**Likelihood of success.** Movant is likely to obtain intervention. He has read the site regularly since June 2026, relies on its primary-source reporting, and intends to continue, which supplies the concrete, specific connection to the speaker that a listener's claim requires, Decl. ¶¶ 5–7; *Murthy v. Missouri*, 603 U.S. 43, 74–75 (2024), and BAM's own allegations of protected sources and anonymous channels support the risk to that reporting that he asserts, Compl. ¶¶ 27, 36–37, 55–56. No appearing party represents that interest. He is also likely to obtain at least a narrower order with notice protections. ECF 6 rests its finding that BAM has no other means on a complaint paragraph describing a suspect BAM has already identified from its own logs, and

the complaint's general exhaustion allegation does not explain the breadth requested. Compl. ¶¶ 45, 54; ECF 6 at 2 & n.7. BAM's complaint says the subpoenas target records that "may identify . . . the individuals who provided Plaintiff's Confidential Information to that website." Compl. ¶ 56. Compelled disclosure of that kind requires First Amendment balancing that ECF 6 did not undertake, *Grandbouche v. Clancy*, 825 F.2d 1463, 1466–67 (10th Cir. 1987), including the *Silkwood* factors, *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977). And unlike three of the four District of Utah orders BAM cited, ECF 6 provides no window to object before production. *See, e.g.*, *Arista Records LLC v. Does 1-19*, No. 2:07-cv-00971-TS, 2008 WL 10874285 (D. Utah Jan. 11, 2008) (unpublished) (ECF 8 at 3). Movant's objections develop each point. Mot. to Intervene, Ex. A § IV.

**Irreparable harm.** BAM alleges that its sources concealed their identities by using "the websites' anonymity protections," Compl. ¶ 55, and that the records it seeks "may identify" them, *id.* ¶ 56. Exposing those sources to the company whose information they disclosed creates a substantial risk that they stop supplying the reporting Movant reads. Decl. ¶¶ 5–7. Restrictions imposed after review may limit further use and disclosure, but cannot restore secrecy once an identity is known. Disclosure before judicial review would therefore reduce the effectiveness of later relief.

**Harm to BAM.** The requested order does not stop service or production. It delays only counsel's review of one category of records, which remain preserved while the Court determines their proper treatment. BAM may continue its internal investigation, including review of its own Google Drive and Slack records, which its complaint says "may identify" the persons it is suing.

Compl. ¶¶ 58–59. BAM seeks money damages and has not moved for injunctive relief. *Id.*, Prayer. Any demonstrated urgency can be addressed by a request to modify the order.

**Public interest.** The public has an interest in enforcing contract and trade-secret rights, and in protecting anonymous speech and confidential newsgathering. An order holding identifying records unopened for a limited period serves both.

**C. Holding records unopened pending a ruling is a familiar measure.** Courts may impose good-cause restrictions on the use and dissemination of discovery. Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). The Rules take the same approach to produced material that is subject to a privilege claim: once notified of the claim and its basis, a receiving party must promptly return, sequester, or destroy the material and may not use or disclose it until the claim is resolved. Fed. R. Civ. P. 26(b)(5)(B), 45(e)(2)(B). Those rules are triggered by a privilege holder's claim, and Movant does not invoke them as his own. They show that holding records unopened pending a ruling is workable, and here it would preserve effective review of identifying requests whose privilege holders have had no specific opportunity to be heard.

**D. Scope and duration.** The order would cover records identifying, or likely to identify, the site's operators, editors, authors, or sources. Counsel would hold them unopened. The order would govern only records otherwise lawfully produced and would not displace the Stored Communications Act or any objection under Rule 45. BAM would ask recipients to deliver accordingly and to preserve records, and would report service, production, any prior review, and any refusal or risk of loss, without revealing protected identities or contents. If intervention is granted, the order would last until the District Judge rules on the objections and, if the covered

discovery is returned for further consideration, until further order. If intervention is denied, it would expire two business days later unless modified or extended. Either way, the Court may modify it on a showing of need. Exhibit A sets out those terms.

**E. Interim relief while intervention is pending; the Court may grant this relief whether or not Movant is yet a party.** Movant has moved concurrently for limited intervention. If intervention is granted, he will be a party for that purpose, and DUCivR 72-2(c) will apply by its terms. Until then, he asks the issuing magistrate judge to enter the safeguards in Exhibit A under the Court's authority over its own discovery order. ECF 6 is the order under Rule 26(d)(1) that authorized discovery before the Rule 26(f) conference, ECF 6 at 1 & n.3, 2, and the Court has broad discretion over the control of that discovery. *Merrill Scott*, 600 F.3d at 1271. It also has inherent authority to stay proceedings in managing its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If the Court concludes that Movant cannot seek a stay under DUCivR 72-2(c) before intervention, he asks that it enter the same safeguards on its own initiative, so that covered records remain without substantive review, use, or further disclosure for the period stated in Exhibit A ¶ 7.

## III. CONCLUSION

Movant respectfully requests that the Court enter the order submitted as Exhibit A on an expedited basis, effective on entry. If the Court sets a hearing, Movant, who resides in New York, asks leave to appear remotely.

DATED this 1st day of October, 2026.

Respectfully submitted,

/s/ Gregory C. Belmont
Gregory C. Belmont
Proposed Intervenor, Pro Se

**CERTIFICATION OF CONFERRAL**

I certify that I conferred in good faith with Plaintiff's counsel, Kyle K. Tucker and Matthew J. Orme, by telephone and email on September 30 and October 1, 2026, in an effort to resolve this motion without court action. On September 30, I asked that BAM refrain from serving subpoenas and requesting, receiving, reviewing, or using identifying records through noon Mountain Time on October 2; counsel declined. During further conferral on October 1, I requested that BAM secure records identifying, or likely to identify, thebammap.com's operators, editors, authors, or sources against review or further disclosure pending resolution of intervention and, if granted, the Rule 72(a) objections. Counsel stated that he saw no legal basis for BAM to agree. Decl. ¶ 13. I do not know whether any subpoena has been served or whether any record has been produced. *Id.* ¶ 14.

DATED this 1st day of October, 2026.

/s/ Gregory C. Belmont
Gregory C. Belmont
Proposed Intervenor, Pro Se

**CERTIFICATE OF COMPLIANCE**

I, Gregory C. Belmont, certify that this motion does not exceed ten pages or 3,100 words and complies with DUCivR 7-1(a)(4).

/s/ Gregory C. Belmont
Gregory C. Belmont

**INDEX OF EXHIBITS**

Movant respectfully submits the following index of exhibits accompanying his Motion to Stay:

| Exhibit | Description | Source Record Reference |
|---|---|---|
| **Exhibit A** | [Proposed] Interim Order Staying Discovery Order in Part (also filed as Exhibit D to the Expedited Motion to Intervene) | Filed Herewith |

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, a true and correct copy of the following documents:

1. Expedited Motion to Stay the Discovery Order in Part Pending Resolution of Limited Intervention and Rule 72(a) Objections and
2. [Proposed] Interim Order Staying Discovery Order in Part (Exhibit A)

were emailed to the Clerk's Office at utdecf_clerk@utd.uscourts.gov for filing. Upon docketing, the Court's CM/ECF system is expected to send a notice of electronic filing to counsel of record for Plaintiff, Matthew J. Orme and Kyle K. Tucker of Dentons Durham Jones Pinegar P.C. I also emailed a copy to matt.orme@dentons.com and kyle.tucker@dentons.com as a single pdf.

/s/ Gregory C. Belmont
Gregory C. Belmont
October 2, 2026