# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **[ALTERNATIVE PROPOSED] INTERIM ORDER STAYING THE DISCOVERY ORDER (ECF 6) IN PART**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Having considered the Expedited Motion to Stay the Discovery Order (ECF 6) in Part (ECF 9), Plaintiff's opposition (ECF 11), and the reply, the Court, on its own initiative and under its authority over discovery, and for good cause shown, ORDERS:

1. This Order applies to records produced under ECF 6 that identify, or are likely to identify, the operators, editors, authors, or sources of thebammap.com ("covered records"). ECF 6 is STAYED to the extent it would permit review, use, or further disclosure of covered records while this Order remains in effect. This Order is effective upon entry. Production remains subject to applicable statutory restrictions, including 18 U.S.C. § 2702, and to objections under Rule 45; this Order governs the handling of records otherwise lawfully produced.

2. Covered records shall be delivered only to Plaintiff's counsel, who shall retain them securely, segregated from materials accessible to Plaintiff, without substantive review, use, or further disclosure. A production responsive to a request for identifying records shall remain unopened unless the Court authorizes a screening procedure. Counsel may perform the

administrative acts necessary to secure a delivery, including an unrequested electronic delivery, without examining its contents or identity-revealing metadata. Plaintiff shall ask recipients to transmit covered records inside a closed package, with neutral cover messages and file names.

3. Paragraph 2 applies to covered records received before this Order. If any covered record has already been reviewed or disclosed, counsel shall promptly so notify the Court, without revealing protected identities or contents, and request directions.

4. Plaintiff shall promptly send this Order to each recipient of a subpoena issued under ECF 6, within one business day after entry or, for a later subpoena, with service, and shall ask each recipient to deliver covered records only as paragraph 2 provides and to preserve responsive records.

5. No covered record may be lodged with the Court except under a court-approved procedure for sealed or in camera review.

6. If intervention is granted, this Order remains in effect until the District Judge rules on the Rule 72(a) objections (ECF 8-1), subject to any restrictions in that ruling, and, if the covered discovery is returned for further consideration, until further order. If intervention is denied, this Order expires two business days after that ruling. At any time, the Court may modify or extend this Order, on its own or on a motion identifying the affected records and the factual basis for the relief sought.

IT IS SO ORDERED.

Dated: _______________, 2026

BY THE COURT:

______________________________________________

Dustin B. Pead
United States Magistrate Judge