**David Gallup, Managing Investigator**

**ICEKEY INVESTIGATIONS**

**P.O. Box 981804**

**Park City, Utah 84098**

**(435) 513-0280**

**icekeyinvestigations@live.com**

**Served:** Vercel c/o CT Corp

**Served by:** D. Gallup

**Date:** 10/5/26 **Time:** 2:44 p.m.

**Address:** 1108 E South Union Ave, Midvale, UT

UNITED STATES DISTRICT COURT

for the

District of Utah

| | |
|---|---|
| BAM Franchising, Inc.<br>Plaintiff,<br>v.<br>Does 1-10,<br>Defendant. | **Proof of Service under URCP 4**<br><br>Civil Action No. 2:26-cv-00895-DBB |

(1) The following documents were served by the method described below:

☒ SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Service by Third Person** (Note: Certain people and entities must be served in a certain way. This form includes only the most common ways. Consult URCP 4(d) for others.)

(2) ☒ I am over the age of 18. I am not a party to this action. I am not an attorney for a party to this action.

(3) ☒ On 10/5/26, I went to 1108 E South Union Ave, Midvale, UT, and I delivered the documents listed in Paragraph (1) to Vercel c/o CT Corp, who is:

| | |
|---|---|
| ☐ The named party defendant/respondent. | Serving defendant-respondent by delivery |
| ☐ A person of suitable age and discretion residing at that address, which is the named party's dwelling house. | Serving an individual by leaving at his/her home |
| ☒ An agent authorized by appointment or by law to receive service of process on behalf of the named party. | Serving an individual by delivery to an agent |

| | |
|---|---|
| ☐ Describe how you served the document. | Other. See URCP 4. |

I have not included any non-public information from this document.

I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true and correct.

Date 10/5/26 **Sign here ▶** /s/ David Gallup

Typed or printed name David D. Gallup, P.I. UT LIC. G102640

## Certificate of Service

I certify that I served a copy of this Proof of Service under URCP 4 on the following people.

| Person's Name | Method of Service | Served at this Address | Served on this Date |
|---|---|---|---|
| Vercel c/o CT Corp | ☒ Hand Delivered<br>☒ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | 1108 E South Union Ave, Midvale, UT | 10/5/26 |

Date 10/5/26 **Sign here ▶** /s/ David Gallup

Typed or printed name David D. Gallup, P.I. UT LIC. G102640

**FOR ICEKEY INVESTIGATIONS OFFICE USE ONLY**

| SERVED: | Vercel c/o CT Corp | | | | | | | | SERVED: REG. AGENT |
|---|---|---|---|---|---|---|---|---|---|
| OFFICE NOTES | | | | | | | | | SERVICE FEES: $80.00 |
| FIRM | Age | Weight | Height | Eyes | Hair | Race | Gender | Hos | 10/5/26 2:44 p.m. |
| DDJP | 29 | 167 | 5/9 | | BRW | C | F | N | SERVER NAME D. Gallup |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Utah

| | | |
|---|---|---|
| BAM Franchising, Inc. *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:26-cv-00895-DBB |
| Does 1-10 *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Vercel, Inc.
c/o CT Corporation System (Utah Registered Agent), 1108 E South Union Ave, Midvale, UT 84047

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Via email: matt.orme@dentons.com, or Matthew J. Orme, 111 South Main Street, Ste. 2400, Salt Lake City, Utah 84111 | Date and Time: 10/19/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

*CLERK OF COURT*

______________________________
*Signature of Clerk or Deputy Clerk*

OR

Matthew J. Orme
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* BAM Franchising, who issues or requests this subpoena, are:

Matthew Orme: 111 S. Main St, Ste. 2400, Salt Lake City, UT 84111; matt.orme@dentons.com; 801-415-3000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-00895-DBB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

__________________________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "**Website**" means the website located at thebammap.com, including all webpages, subdomains, and content hosted thereon.

2. "**Hosting Provider**" means Vercel, Inc., including any parent, subsidiary, or affiliated entity that provides hosting, domain registration, content delivery, or other internet services in connection with the Website.

3. "**Confidential Information**" means the confidential and proprietary information of BAM Franchising, Inc., including but not limited to: the Bricks & Minifigs Franchisee Training & Operations Manual; confidential internal store-performance analyses; internal corporate communications; internal crisis-response materials; private internal Slack communications; franchisee support portal materials; and other proprietary business information.

4. "**Communications**" means any disclosure, transfer, or exchange of information or opinion, however made.

5. "**Document**" means all writings, drawings, graphs, charts, photographs, phono-records, computer generated or stored records and files, and other data compilations of any kind from which information can be obtained, regardless of the medium on which they are produced, reproduced or stored.

6. "**ESI**" means, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7. "**Website Operator**" means all persons or entities who registered, created, owned, operated, managed, administered, maintained, edited, authored content for, or otherwise controlled the Website, including any person with administrative or authorial access.

8. "**Published Materials**" means the Confidential Information published or displayed on the Website, including but not limited to BAM's Confidential Incident Impact Report / internal store-performance analysis workbook, including BAM's original analytical categories, definitions, compilation, tables, store-level analysis, and organizational structure; BAM's Franchisee Field Guide & Talking Points, including original written guidance, messaging principles, moderation instructions, scenarios, and prepared responses; BAM's internal crisis-PR/story-angles plan and content from BAM's August 25, 2026 Q3 franchise town hall, including the franchisee survey, the "Rebuild Trust. Rebuild Traffic" 60-day plan, internal marketing plans and timelines, and leadership remarks; a June 24, 2026 letter to franchise owners from BAM's board chairman; private internal Slack communications among BAM personnel and franchisees; an internal BAM corporate communication distributed to franchisees; and BAM's complete Brand Review presentation Version 3.0.0.

**DOCUMENTS TO BE PRODUCED**

YOU ARE COMMANDED to produce at the time, date, and place set forth in the Subpoena the following Documents, Communications, ESI, or objects, and to permit inspection, copying, testing, or sampling of the material:

1. Documents and/or ESI sufficient to identify the Website Operator's names, addresses, email addresses, phone numbers, and any other contact information.

2. All account registration records, subscriber information, and billing records associated with the Website, including names, addresses, email addresses, phone numbers, payment information, and IP addresses used at the time of registration.

3. All IP address logs and access logs associated with the administration, management, or content posting on the Website, including timestamps.

4. All Documents and ESI reflecting or relating to the upload, posting, or publication of the Published Materials on the Website.

5. All Communications between the Hosting Provider and the Website Operator or any person acting on behalf of the Website Operator.

6. All Documents and ESI relating to any DMCA takedown notices, copyright complaints, or content removal requests received by the Hosting Provider concerning the Website or the Published Materials.

7. All Documents and ESI reflecting the creation, deployment, configuration, or modification of the Website hosted by or through the Hosting Provider.

8. All Documents and ESI sufficient to identify any other hosting providers, domain registrars, content delivery networks, or service providers used in connection with the Website.