**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **BAM FRANCHISING INC., a Delaware Corporation,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DOES 1-10,**<br><br>**Defendants.** | **ORDER DENYING MOTION TO STAY**<br><br>**Case No. 2:26-cv-00895**<br><br>**United States District Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Proposed Intervenor Gregory C. Belmont ("Movant") moves for a stay of this court's September 30, 2026 Order ("Order").[1] For the reasons now stated, Movant's motion for a stay is denied.

Movant requests a stay to appeal the Magistrate's Order under Federal Rule of Civil Procedure 72.[2] But Movant is not a party to this action and therefore he does not have standing to object. In general, "only parties to a lawsuit, or those that properly become parties" may appeal.[3] While there are circumstances in which a non-party is allowed to appeal, the non-party must establish that the matter at issue "affects his interests." Movant has not done so. The subpoenas allowed pursuant to the court's September 30, 2026 Order seek information about the hosting providers' account, subscriber, and log records for websites.[4] Movant does not assert that

---

[1] ECF No. 9, Movant's Expedited Motion to Stay; Fed. R. Civ. P. 72(a); DUCivR 72-2(c).

[2] *See* Fed. R. Civ. P. 72(a)( ("A *party* may serve and file objections to the order" of the magistrate judge) (emphasis added); DUCivR 72-2(c).

[3] *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S. Ct. 586, 98 L. Ed.2d 629 (1988) (per curiam).

[4] ECF No. 3; ECF No. 6.

any of those records concern him and admits he does not operate a website, does not know who operates the websites, and has never supplied any information to the websites.[5] Additionally, Movant seeks to invoke protections related to anonymous speech, reporter's privilege and the Stored Communications Act.[6] In doing so Movant admits, however, that these protections belong to a reporter and a source, of which he is neither, and Movant may not appeal a ruling simply "to champion the rights of another."[7]

Finally, Movant does not attempt to satisfy the requirements of third-party standing by showing a close relationship with the right-holders, or a hinderance to the right-holders' abilities to protect their own interests.[8] To the contrary, Movant's sworn statements indicate he has no relationship with the websites or their operators.[9]

As a non-party, Movant has not show a personal right or privilege in the subpoenaed records and at this juncture he does not have standing to object to the court's Order.

---

[5] ECF No. 8-2 at ¶¶ 8, 10, Declaration of Gregory C. Belmont.

[6] ECF No. 8 at 10-11.

[7] *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation,* 32 F. 3d 205, 208 (5th Cir. 1994).

[8] *Collins v. Daniels,* 916 F.3d 1302, 1313 (10th Cir. 2019) (quoting *Kowalski v. Tesmer,* 543 U.S. 125, 130, 125 S. Ct. 564, 160 L. Ed. 2d 519) (2004) (third party standing may be found where "the party asserting the right has a close relationship with the person who possesses the right and there is a hindrance to the possessor's ability to protect his own interests.") .

[9] ECF No. 8-2 at ¶ 8 ("I do not know who operates the bammap.com or bamopsmanual.com (the "Target Websites") or who supplies them with information or documents. I have never contacted, or attempted to contact, anyone who operates or supplies them."); *id.* at ¶ 10 ("I have no business, employment, contractual, or social relationship with BAM, any BAM franchisee known to me, the operators of the Target Websites, the defendants in No. 00593, or Vercel, Inc. I am a customer of GoDaddy.com, but I have no relationship with its management or employees.").

Accordingly, Movant's Motion to Stay is DENIED.[10]

**IT IS SO ORDERED.**

Dated this 14th day of October, 2026.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge

[10] ECF No. 9. Movant's Motion to Intervene remains pending. *See* ECF No. 8.