Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S MOTION TO PROCEED UNDER A PSEUDONYM AND FOR EX PARTE TREATMENT OF FULL-NAME NOTICE (DUCivR 10-2)**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

**RELIEF REQUESTED AND GROUNDS**

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of challenging discovery directed at its identity and reserving all defenses, including personal jurisdiction, moves under DUCivR 10-2 for leave to proceed under the

pseudonym "Anonymous Non-Party Publisher of thebammap.com." This is the same person referred to in local counsel's pro hac vice motion as the "John Doe operator of thebammap.com and bamopsmanual.com." ECF 13. It further requests that the Notice of Intention to Proceed Under a Pseudonym – Full Names, filed contemporaneously under seal, be maintained ex parte and under seal, for the Court's in camera review and conflict check only, and that service of that Notice on Plaintiff under DUCivR 10-2(d) be excused. The grounds are that the injury the Publisher seeks to prevent, disclosure of its identity, would be inflicted by the act of litigating under its true name. Plaintiff suffers no prejudice from pseudonymity in a discovery dispute.

**BACKGROUND**

BAM obtained an ex parte order authorizing subpoenas to identify the operator of thebammap.com. ECF 6. The Publisher is moving, contemporaneously with this motion, to vacate or modify that order and to quash the subpoenas. The motion rests on the Publisher's First Amendment right to speak anonymously and the qualified privilege protecting its sources.

**ARGUMENT**

**I. Exceptional circumstances justify a pseudonym here.**

Proceeding under a pseudonym is permitted in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *see M.M. v. Zavaras*, 139 F.3d 798, 800–03 (10th Cir. 1998). The court weighs the movant's interest in anonymity against the public interest in open proceedings. *Femedeer*, 227 F.3d at 1246 (A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal

nature, real danger of physical harm, *or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity*.) (emphasis added).

This case falls squarely within the third category and also fits the second. The only question the Publisher has put before the Court is whether its identity may be disclosed. Requiring the Publisher to litigate that question under its true name would decide it against the Publisher before the Court reaches the ultimate issue: the merits of the Publisher's legal right to remain anonymous. Courts routinely allow anonymous speakers to challenge subpoenas seeking their identity without revealing it. *See, e.g.*, *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001).

The public interest in knowing the Publisher's name is minimal. The Publisher is not a party and seeks no affirmative relief on the merits. The issues are legal and turn on the allegations BAM itself filed. Plaintiff suffers no prejudice: its counsel will receive every public filing and can respond fully. The Publisher also wishes to avoid the possibility of "retaliation, litigation, violence, doxxing, and harassment" that may come from being publicly outed. Declaration of Anonymous Non-Party Publisher of thebammap.com ("Publisher Decl.") ¶¶ 10–16, contemporaneously filed (redacted; unredacted version to be filed under seal).

## II. The full-name notice should be held ex parte, under seal, and service excused.

DUCivR 10-2 requires a pseudonymous party to file its full name under seal so that the Court can conduct a conflict check, and to serve that notice on opposing parties. DUCivR 10-2(a)(1)(B), (a)(2), (d). The Publisher will file the required notice under seal so the Court has the information it needs. But serving it on BAM would vitiate the very anonymity the Publisher's pending motion asks the Court to safeguard. The Publisher therefore asks the Court to maintain

the notice ex parte, under seal, and to excuse service under DUCivR 10-2(d) pending resolution of the motion to vacate and quash. Alternatively, DUCivR 10-2 by its terms governs "a party." The Publisher is a non-party and has complied out of caution. The Court may grant this motion without waiting for a response. DUCivR 10-2(e).

**CONCLUSION**

The Publisher respectfully requests that the Court grant it leave to proceed as "Anonymous Non-Party Publisher of thebammap.com" (the "Publisher"), maintain the full-name notice under seal and ex parte, and excuse service of that notice on Plaintiff.

DATED: October 14, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

/s/ Leonard J. French