Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S MOTION FOR LEAVE TO FILE DECLARATION UNDER SEAL AND EX PARTE (DUCivR 5-3)**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## RELIEF REQUESTED AND GROUNDS

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of challenging discovery directed at its identity and reserving all defenses, including personal jurisdiction, moves under DUCivR 5-3 for leave to file under seal and ex

parte, for the Court's in camera review, the Declaration of the Publisher in support of its Emergency Motion to Vacate or Modify ECF 6, filed contemporaneously. It also asks that the sealed declaration not be served on Plaintiff. A redacted version, omitting only the declarant's name, signature, and identifying details, is filed publicly as Exhibit A.

The grounds are that the declaration establishes the Publisher's standing and non-party status, and doing so necessarily reveals the declarant's identity. That identity is protected by the First Amendment right to speak anonymously and is the very subject of the pending motion. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995); *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 436–38 (10th Cir. 1977). Public filing or service on Plaintiff would moot the motion before the Court decides it.

## ARGUMENT

Court records are presumptively open, and a motion for leave to file under seal "must specify why the Document is privileged, protectable as a trade secret, or otherwise entitled to protection under the law." DUCivR 5-3(b)(2). The presumption of access may be overcome where countervailing interests heavily outweigh the public interest in access. *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

Those interests are present here. The declaration is offered to show the Court who is asserting the rights at stake and that the declarant is not a party to any contract with BAM. Its only sensitive content is the declarant's identity, and the redacted public version makes everything else available. The sealing is narrowly tailored: only the name, signature, and identifying details are withheld. Ex parte treatment is necessary because service on Plaintiff would accomplish the disclosure the pending motion seeks to prevent. Courts considering

challenges to subpoenas seeking anonymous speakers' identities routinely review identifying information in camera.

In camera review is the established means of evaluating a claim that information should be protected without destroying that protection in the process. *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 405–06 (1976) (in camera review is "a relatively costless and eminently worthwhile method to insure that the balance between [one side's] claims of irrelevance and privilege and [the other's] asserted need for the documents is correctly struck," and "a highly appropriate and useful means of dealing with claims of governmental privilege"); *United States v. Zolin*, 491 U.S. 554, 568–69 (1989) (disclosure to the court "for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege"). This Court's rules apply the same principle to identity. A litigant proceeding under a pseudonym files its full name under seal so that the Court can conduct its conflict check while the name stays protected. DUCivR 10-2(a)(1)(B), (a)(2).

The Publisher requests that the declaration remain sealed and ex parte at least until the Court resolves the pending motion, and that the Publisher be given notice and an opportunity to be heard before any unsealing.

**CONCLUSION**

The Court should grant leave to file the Declaration of the Publisher under seal and ex parte, for in camera review, and excuse service of the sealed declaration on Plaintiff.

DATED: October 14, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

/s/ Leonard J. French