**EXHIBIT A**

Letter from Leonard J. French to Matthew J. Orme and Kyle K. Tucker dated October 7, 2026

Gmail

Leonard J. French <ljfrench@leonardjfrench.com>

## BAM Franchising, Inc. v. Does 1-10, No. 2:26-cv-00895-DBB-DBP (D. Utah)

**Leonard J. French** <ljfrench@leonardjfrench.com> Wed, Oct 7, 2026 at 8:12 PM
To: matt.orme@dentons.com, kyle.tucker@dentons.com

**For settlement purposes only - Fed. R. Evid. 408**

Via email: matt.orme@dentons.com; kyle.tucker@dentons.com

Matthew J. Orme, Esq. Kyle K. Tucker, Esq.
Dentons Durham Jones Pinegar PC
111 South Main Street, Suite 2400
Salt Lake City, UT 84111

**Re: *BAM Franchising, Inc. v. Does 1-10*, No. 2:26-cv-00895-DBB-DBP (D. Utah)**

Dear Mr. Orme and Mr. Tucker:

I represent the anonymous operator of thebammap.com and bamopsmanual.com, a non-party to this case, in connection with the Court's September 30, 2026 Order (ECF 6) and the subpoenas BAM has issued or may issue under it. I am seeking admission *pro hac vice* and will be working with Utah local counsel.

I'm writing because I believe there is a practical way to address BAM's concerns about the material at issue without motion practice, and I'd like to explore it with you before the subpoena return dates.

One point I want to be clear about at the outset, so neither of us spends time on it: my client will not identify or discuss any person who may have provided information or materials, and will not discuss how any material was obtained. That position is firm, and I'd ask that it not be a condition of any resolution. It rests on my client's First Amendment interests and the qualified reporter's privilege recognized in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977), and its progeny.

I'd also note, respectfully, that the records most likely to answer BAM's question are BAM's own. The Complaint describes Google Drive audit logs and system access records that have already led BAM to a suspected source (¶¶ 45, 53).

Where I think we can make real progress is on the material itself. My client is willing to discuss removing, and not republishing, specific content BAM considers objectionable, including verbatim copies of internal documents and the categories of material described in the Complaint, such as the operations manual, vendor information, internal financial data, and the dates and location of BAM's owners' conference. If you can send me a list of the specific URLs or items BAM is most concerned about, I will review it with my client promptly.

Two practical notes. First, because of preservation obligations, removal would mean taking material offline, not destroying it; copies would be held securely by counsel. Second, any resolution would need to leave my client free to continue reporting and commenting on matters of public interest, and would not involve disclosure of my client's identity. Within those limits, I expect we can address most of what BAM cares about quickly.

To give us room to work this out, I'd ask for three things:

1. **Service status.** Please confirm which subpoenas have been served, on whom, and when, and send me copies. The subpoenas attached to BAM's motion are dated September 28, before the Court's September 30 Order, so I'd also like to understand whether any were served before the Order issued.
2. **A standstill.** While we talk, and if needed until the Court rules on any motion, please don't serve further subpoenas seeking information about my client or the website, and please ask any recipient of an already-served subpoena to hold production. In return, my client will continue to preserve all relevant materials.
3. **A call this week.** I'm available most of Thursday, and on Friday morning until noon Mountain time.

Given the October 16 return date, I'd appreciate a response by Friday, October 9, 2026. If we can't agree on a standstill by then, my client will need to protect their interests by motion, but I'd much prefer to resolve this

cooperatively. So that the recipients aren't caught in the middle, I'm also letting Vercel and GoDaddy know that a motion may be filed and asking them to hold any production in the meantime.

Please direct all communications concerning my client to me. This letter is not an appearance in the case, and nothing in it waives any right, privilege, objection, or defense, including any objection to jurisdiction.

Thank you for considering this. I look forward to speaking with you.

Sincerely,

Leonard J. French
The Law Firm of Leonard J. French
610-466-5644 (voice/text)
ljfrench@leonardjfrench.com