Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION FOR INTERIM STAY OF PRODUCTION PENDING RULING AND FOR EXPEDITED BRIEFING**<br><br>**EXPEDITED CONSIDERATION REQUESTED**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## RELIEF REQUESTED AND GROUNDS

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of this motion and reserving all defenses, including personal jurisdiction, moves for an interim order, pending resolution of its Emergency Motion to Vacate or Modify ECF 6, to Quash or Modify Subpoenas, and for Protective Order (ECF 23) (the "Emergency Motion"), that:

(1) no recipient of a subpoena issued under ECF 6 (the "Ex Parte Order") shall produce any information concerning thebammap.com or its operator;

(2) BAM shall not serve any further subpoena seeking such information;

(3) BAM shall sequester, and not review, use, or disclose, any such information already produced;

(4) BAM shall serve the requested interim order on each subpoena recipient within one business day; and

(5) BAM shall respond to the Emergency Motion within seven days, and the Publisher may reply within three days thereafter.

The grounds are that the subpoenas' compliance date is October 19, 2026, at 5:00 p.m., before the Emergency Motion can be briefed and decided. Once identifying information is produced, the harm the Emergency Motion seeks to prevent cannot be undone. A short stay costs BAM nothing, particularly since its subpoenas are not directed to identifying any defendant.

## ARGUMENT

The Court may stay its discovery order and the subpoenas issued under it while it considers a timely challenge. Fed. R. Civ. P. 26(c)(1); DUCivR 72-2(c). The Court has inherent

authority to stay discovery pending resolution of the Motion. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court."). Rule 26(c)(1) independently permits an order, for good cause, "forbidding the disclosure or discovery" or "specifying terms, including time," for it. Fed. R. Civ. P. 26(c)(1)(A)–(B).

Courts in this District considering a discovery stay weigh "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-md-03102-RJS-DAO, ECF No. 105 at 5–6 (D. Utah Sept. 30, 2024) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)); *see Fuller v. Salt Lake City*, No. 2:21-cv-00593-HCN-DBP, 2023 WL 3589063, at *2 (D. Utah May 22, 2023).

Each consideration favors a brief stay.

**The harm is irreversible.** The Emergency Motion seeks to prevent the unwarranted disclosure of the Publisher's identity and, through account and upload records, the identity of the website's sources. If production occurs before the Emergency Motion is decided, the Emergency Motion will be moot in substance. Anonymity, once lost, cannot be restored by a later ruling.

**BAM will not be prejudiced.** BAM has already asked Vercel to preserve "subscriber information, IP logs, and historical data." Compl. ¶ 34. The Publisher has preserved, and will

continue to preserve, all relevant records. French Decl. ¶ 10. A stay therefore changes only when, and whether, the records are produced, not whether they exist. BAM's case against the defendants it has pleaded—the insiders it says that it can already investigate through its own Google Drive and system logs, Compl. ¶¶ 45, 53—remains unaffected.

**The Emergency Motion raises substantial questions.** As set out in the Emergency Motion, the Ex Parte Order authorizes discovery to identify defendants, but the operator is pleaded as a non-party recipient, Compl. ¶ 67. The subpoenas also seek communication contents barred by 18 U.S.C. § 2702 and implicate First Amendment interests that require balancing under *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977). Those questions were not presented when the Court ruled ex parte, without the benefit of the Publisher's input.

**The public interest favors a stay.** Pausing production preserves the Court's ability to decide the important First Amendment questions on a full record, and with the benefit of a balanced, adversarial presentation.

The Publisher's counsel asked BAM's counsel on October 13, 2026, to agree by noon on October 14 to instruct the providers to hold production pending a ruling. Counsel for BAM did not respond as of noon MDT October 14, 2026. French Decl. ¶ 3, Ex. B.

## CONCLUSION

The Publisher respectfully requests that the Court enter the proposed interim order and set the expedited briefing schedule requested above.

DATED: October 14, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

I further certify that on October 14, 2026, I sent a courtesy copy by email to the subpoena recipients: Vercel, Inc., at daniel@zwillgen.com; and GoDaddy.com, LLC, at CourtDisputes@godaddy.com and by fax to its Compliance Department at (480) 624-2546.

/s/ Leonard J. French