Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING EXPEDITED DISCOVERY (ECF 6) AND REQUEST TO HOLD IN ABEYANCE**<br><br>**EXPEDITED TREATMENT REQUESTED (DUCivR 37-1(f)(2))**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## OBJECTION AND RELIEF REQUESTED

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of challenging discovery directed at its identity and reserving all defenses, including personal jurisdiction, objects under Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A), and DUCivR 72-2 to the Order Granting Ex Parte Motion for Expedited Discovery (ECF 6, the “Ex Parte Order”). The Publisher requests expedited treatment under DUCivR 37-1(f)(2).

The Publisher files this objection to preserve its rights within the time allowed. On October 14, 2026, it filed with the Magistrate Judge an Emergency Motion to Vacate or Modify ECF 6, to Quash or Modify Subpoenas, and for Protective Order (ECF 23) (the "Motion"), together with a motion for an interim stay (ECF 24). The Motion presents the arguments below to the Magistrate Judge in the first instance, because the Ex Parte Order was entered in the Publisher’s absence, without them. The Publisher therefore respectfully requests that the Court **hold this objection in abeyance** pending the Magistrate Judge's ruling on the Motion and permit the Publisher to supplement or withdraw the objection within 14 days after that ruling. Alternatively, the Publisher requests that the Court sustain the objection and set aside the Ex Parte Order to the extent it authorizes discovery of the identity of, or information about, the operator of thebammap.com.

## STANDARD OF REVIEW AND STANDING

A district judge must "modify or set aside any part of [a magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Legal conclusions are reviewed under the "contrary to law" standard,

which permits plenary review of the legal questions presented. *Quint v. Vail Resorts*, Inc., 89 F.4th 803, 809 (10th Cir. 2023).

Rule 72(a) refers to objections by "a party." The Publisher is a non-party whose own rights are directly affected by the Ex Parte Order, which authorizes discovery aimed at its identity. *See Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001) (non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker), and see *Koch Indus., Inc. v. Does*, No. 2:10-CV-1275-DAK, 2011 WL 1775765 (Before authorizing subpoenas seeking to strip speakers of their First Amendment right to anonymity, courts require plaintiffs to make a preliminary showing that their complaint has merit).

In any event, the district judge may reconsider any pretrial matter referred to a magistrate judge. 28 U.S.C. § 636(b)(1)(A).

## GROUNDS FOR OBJECTION

### I. The Ex Parte Order **applies a defendant-identification standard to a non-party publisher.**

The Ex Parte Order found good cause to permit subpoenas "to identify and properly serve an amended complaint that contains the defendants' true identities." ECF 6 at 2. But BAM pleads its defendants as insiders who owed contractual duties of confidentiality, Compl. ¶¶ 14, 64–67, whereas it pleads the website operator as a third-party recipient, *id.* ¶ 67. Authorizing discovery of a non-party's identity under a standard designed for identifying defendants is contrary to law. Discovery seeking to unmask an anonymous non-party speaker requires a heightened showing.

*Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001); *Koch Indus., Inc. v. Does*, No. 2:10CV1275DAK, 2011 WL 1775765, at *10 (D. Utah May 9, 2011).

## II. The exhaustion finding rests on a paragraph that pleads an alternative source.

The Ex Parte Order found that BAM "exhausted its internal investigation methods," citing paragraph 45 of the unverified Complaint. ECF 6 at 2 & n.7. Paragraph 45 alleges that BAM "has identified at least one current or former franchisee as a suspected source" using "Google Drive audit logs and system access records." Compl. ¶ 45; *see id.* ¶ 53. A finding of exhaustion based on an allegation that BAM already has investigative leads in its own systems is erroneous.

## III. The Ex Parte Order compels disclosure without the First Amendment balancing the Tenth Circuit requires.

Before compelling disclosure of information protected by the qualified privilege for those who gather information for publication, a court must weigh whether the party seeking it has tried other sources, whether the information goes to the heart of the matter, its relevance, and the type of controversy. *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977); *see Grandbouche v. Clancy*, 825 F.2d 1463, 1466–67 (10th Cir. 1987). Anonymous speech is itself protected. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). BAM did not mention this principle in its ex parte motion, and the Magistrate Judge did not undertake this required analysis in his Ex Parte Order authorizing subpoenas for "IP address logs, deployment records and any other information" concerning a website that publishes reporting on a matter of public concern. That is contrary to law.

## IV. The Ex Parte Order authorizes production the Stored Communications Act forbids.

The Ex Parte Order authorizes subpoenas for "deployment records and any other information," and the subpoenas served under it demand uploaded content and communications between the host and the operator. ECF 6 at 2; ECF 3, Exs. B–C. Providers may not divulge the contents of stored communications in response to a civil subpoena. 18 U.S.C. § 2702(a)(1)–(2); *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011). To the extent the Ex Parte Order authorizes such production, it is contrary to law.

## REQUEST FOR STAY

Under DUCivR 72-2(c), a motion to stay a magistrate judge's order is decided by the magistrate judge. The Publisher has moved the Magistrate Judge for an interim stay of production (ECF 24). If that motion is denied before this objection is resolved, the Publisher respectfully requests that the Court stay production of information concerning the operator of thebammap.com pending resolution of this objection, because production would moot the objection.

## CONCLUSION

The Publisher respectfully requests that the Court should hold this objection in abeyance pending the Magistrate Judge's ruling on the Motion. Alternatively, it should sustain the objection and set aside the Ex Parte Order to the extent it prematurely authorizes discovery of the identity of, or information about, the operator of thebammap.com.

DATED: October 14, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

## CERTIFICATE OF SERVICE

I certify that on October 14, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

I further certify that on October 14, 2026, I sent a courtesy copy by email to the subpoena recipients: Vercel, Inc., at daniel@zwillgen.com; and GoDaddy.com, LLC, at CourtDisputes@godaddy.com and by fax to its Compliance Department at (480) 624-2546.

/s/ Leonard J. French