Matthew J. Orme (13323)
Kyle K. Tucker (19720)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111
(801) 415-3000
matt.orme@dentons.com
kyle.tucker@dentons.com

*Attorneys for Plaintiff BAM Franchising, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION FOR INTERIM STAY OF PRODUCTION PENDING RULING AND FOR EXPEDITED BRIEFING**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1 and the Court's October 15, 2026 Docket Order ("Oct. 15 Docket Order"), Dkt. No. 26, Plaintiff BAM Franchising, Inc. ("BAM") submits this Memorandum in Opposition to the Anonymous Non-Party Publisher's Emergency Motion for Interim Stay of

Production Pending Ruling and for Expedited Briefing (the "Motion to Stay"), Dkt. No. 24, filed by the anonymous operator of thebammap.com (the "Publisher").[1]

**INTRODUCTION AND PREFERRED DISPOSITION**

BAM opposes the Motion to Stay because it is overly broad and disregards BAM's interest in obtaining, in a timely manner and without unnecessary delay, the records it seeks through the third-party discovery authorized by the Court's Order Granting Ex Parte Mot. for Expedited Disc. at 2, Dkt. No. 6 ("Discovery Order"). The Motion to Stay would halt all such discovery while the Publisher's Emergency Motion to Vacate or Modify ECF 6, Dkt. No. 23 ("Motion to Vacate"), is pending. At a minimum, any interim relief should be no broader than necessary. The requested relief in the Motion to Stay and accompanying proposed order would bar every subpoena recipient from producing "any information concerning the website thebammap.com or its operator," bar BAM from serving "any further subpoena seeking such information," and require BAM to serve the order on the recipients. [Proposed] Order ¶¶ 1–2, 4, Dkt. No. 24-1.

Those measures would leave the records BAM needs solely in the hands of third parties while the disclosures that prompted this action continue and delay production of documents and information held by third-party website hosts who do not retain records indefinitely. As such, BAM respectfully requests that the Court deny the Motion to Stay as proposed. Alternatively, if the Court is inclined to grant a stay, it should instead enter a temporary order under which the

[1] For purposes of this Opposition, BAM refers to the "Publisher" by the proposed pseudonym and defined name used in the Motion to Stay, Dkt. No. 24, and Motion to Proceed Under a Pseudonym, see Dkt. No. 18. BAM's reference to and use of the Publisher's pseudonym and defined name herein is not an admission that the Publisher is entitled to proceed as such under DUCivR 10-2. BAM reserves the right to respond to the Motion to Proceed Under a Pseudonym as provided by the applicable rules.

Subpoena Recipients produce responsive records subject to protective conditions, such as production to BAM's counsel to be held unopened, or lodging with the Court under seal, pending a ruling on the Motion to Vacate.

## BACKGROUND

BAM alleges that one or more persons bound by confidentiality obligations disclosed BAM's Operations Manual, store-level financial analyses, internal communications, and other franchise-system materials, which were then published on third-party websites, including thebammap.com. Compl. ¶¶ 11, 14–17, 44, Dkt. No. 1. BAM alleges that nonpublic information continued to reach thebammap.com after BAM's September 8, 2026 notice to Vercel, Inc. *Id.* ¶¶ 35, 38–43. On September 30, 2026, the Court found good cause and authorized subpoenas to third parties, including Vercel, Inc. and GoDaddy.com, LLC ("Subpoena Recipients"). *See generally* Discovery Order. On October 14, 2026, the Publisher filed the Motion to Vacate and the Motion to Stay. Dkt. Nos. 23, 24. Contrary to the Publisher's suggestion, *see* Mot. to Vacate at 10, BAM's subpoenas to the Subpoena Recipients (the "Subpoenas") were not served before the Court entered the Discovery Order. *See* Proofs of Service, Dkt. Nos. 14 & 15. The Subpoenas were served after the Discovery Order was entered, and their issuance and compliance dates were adjusted to conform to it. The stated compliance date for both Subpoenas is October 19, 2026.

## ARGUMENT

### I. THE STAY FACTORS DO NOT SUPPORT THE BROAD RELIEF REQUESTED.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citations omitted). Rather, a stay is "an exercise of judicial

discretion," and the party requesting one bears the burden of showing that the circumstances justify it. *Id.* Courts in this District have noted that "[t]he Federal Rules of Civil Procedure do not provide for discovery stays as a matter of course." *In re Church of Jesus Christ of Latter-Day Saints Tithing Litigation*, Case No. 2:24-md-03102-RJS-DAO, 2024 WL 4349160, at *2 (D. Utah Sept. 30, 2024). As part of its discretion to manage discovery, the Court considers five factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* The Publisher relies on the five factors applied to discovery stays in this District. Mot. to Stay at 3.

**A. BAM's Interest in Proceeding and the Prejudice from Delay.**

The Publisher argues that a stay "costs BAM nothing" because records have been preserved. Mot. to Stay at 2–4. That argument misstates the harm. BAM's injury is not only the risk of lost records, but also the continuing disclosure of its confidential information while the persons responsible remain unidentified. *See* Compl. ¶¶ 33, 38–43, 46–48. Once internal information is published on the open internet, its confidentiality cannot be fully restored. BAM has also noted that internet service providers generally do not retain subscriber and activity logs indefinitely. Pl.'s Ex Parte Mot. for Expedited Disc. at 3–4, Dkt. No. 3.

The Publisher's preservation commitment does not cure this prejudice. *See* French Decl. ¶ 10, Dkt. No. 23. It does not bind the Subpoena Recipients, and BAM's preservation request to Vercel, *see* Compl. ¶ 34, is not a court order. Nor can BAM proceed against the Doe Defendants through its own systems, as the Publisher suggests. *See* Mot. to Stay at 3–4. BAM's internal investigation has narrowed but has not conclusively identified the source or sources of the leaks.

Compl. ¶¶ 45, 53–55. That is why BAM sought and the Court authorized this discovery. Discovery Order at 2.

**B. The Burden on the Publisher Can Be Addressed Without a Blanket Stay.**

The Publisher's asserted harm is the disclosure of its identity before the Motion to Vacate is decided. Mot. to Stay at 3. BAM does not ask the Court to resolve that issue now. But the proposed order is not tailored to that harm. It reaches "any information concerning the website thebammap.com or its operator," whether or not that information is identifying, and prohibits "any further subpoena" without limitation as to recipient or scope. [Proposed] Order ¶¶ 1–2. The harm the Publisher describes arises, if at all, from BAM reviewing identifying information, not from the Subpoena Recipients assembling and producing responsive records under protective conditions. The alternatives described in Section II fully address that asserted harm while accounting for BAM's interest in expedited discovery.

**C. The Public Interest.**

The public interest supports the enforcement of contractual confidentiality obligations and trade-secret protections, and of a plaintiff's right to assert claims against the persons alleged to have breached them. *See* Compl. ¶¶ 63–97; *see also Ophir-Spiricon, LLC v. Mooney*, No. 1:11-CV-00161, 2011 WL 5881766*,* at *4 (D. Utah Nov. 23, 2011) ("Courts have recognized the public interest in the enforcement of contracts and preventing the misappropriation of trade secrets."). The Publisher's invocation of the public interest in deciding First Amendment questions "on a full record," Mot. to Stay at 4, is fully served by an order that allows production to move forward while the Court addresses outstanding matters.

**D. Convenience to the Court.**

A blanket stay would not conserve judicial resources. Regardless of a stay, the Court will likely have to address the Motion to Vacate on the merits. And if it is denied in whole or in part, BAM will have to coordinate with the Subpoena Recipients to move forward with responses and compliance with the Subpoenas consistent with any order from the Court. This would further delay BAM in identifying and serving the Doe Defendants and proceeding with the underlying litigation. A protective production protocol lets the Court rule and then direct the disposition of records already in hand in an efficient and time-sensitive manner.

**II. IF THE COURT GRANTS A STAY, IT SHOULD ADOPT NARROWER ALTERNATIVES THAT PROTECT BOTH PARTIES' INTERESTS.**

The Court has broad discretion to manage discovery and may, for good cause, specify "terms, including time and place," for disclosure rather than forbid it. Fed. R. Civ. P. 26(c)(1)(B); *see also* Fed. R. Civ. P. 45(d)(3)(C) (permitting production "under specified conditions" as an alternative to quashing or modifying a subpoena); *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Consistent with these principles, BAM alternatively requests that if the Court grants a temporary stay pending a ruling on the Motion to Vacate, it deny the relief requested by the Publisher and instead adopt one or more of the following measures:

1. Production under a temporary protective order. The Subpoena Recipients produce responsive records on the existing schedule, designated "Attorneys' Eyes Only," with any records identifying the Publisher restricted to BAM's counsel and not disclosed to BAM, its personnel, or the public absent further order.

2. Production to counsel to be held unopened. The Subpoena Recipients produce responsive records to BAM's counsel, who will hold them sealed and unopened, and will not review, use, or disclose them until the Court rules. This mirrors the sequestration procedure of Rule 45(e)(2)(B).

3. Lodging with the Court. Alternatively, the Subpoena Recipients lodge responsive records with the Court under seal for in camera review, with release to BAM governed by the Court's ruling on the Motion to Vacate.

4. Production of non-identifying records. The Subpoena Recipients produce now any records that do not identify the account holder, such as records relating to DMCA notices and content-removal requests and deployment records with identifying fields redacted, so that BAM can continue its investigation of the sources. *See* Pl.'s Ex Parte Mot. for Expedited Disc., Exs. B–C, Attach. A ¶¶ 6–8, Dkt. No. 3.

5. Preservation orders. The Court order the Subpoena Recipients and the Publisher to preserve all records responsive to the Subpoenas, including records of submissions to thebammap.com relating to BAM's confidential materials, pending further order.

6. A short, fixed extension of the October 19, 2026 response deadline in lieu of an open-ended stay. The Court extend the compliance date by a fixed period tied to the briefing schedule, with the extension to expire automatically upon the Court's ruling on the Motion to Vacate.

BAM also requests that any interim order make clear that it does not adjudicate the Motion to Vacate and does not restrict BAM from seeking discovery from other sources, including records

of access to BAM's own systems, that are directed to identifying the persons who disclosed BAM's information.

## CONCLUSION

For these reasons, BAM respectfully requests that the Court deny the Motion to Stay as proposed. Alternatively, if the Court grants a stay, BAM requests that the Court adopt one or more of the alternatives described in Section II, rather than the Publisher's proposed order.

DATED: October 16, 2026

**DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ Matthew J. Orme*
Matthew J. Orme
Kyle K. Tucker

*Attorneys for Plaintiff BAM Franchising, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system to all parties and counsel of record.

By: /s/ *Kristin Hughes*