Matthew J. Orme (13323)
Kyle K. Tucker (19720)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111
(801) 415-3000
matt.orme@dentons.com
kyle.tucker@dentons.com

*Attorneys for Plaintiff BAM Franchising, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ANONYMOUS NON-PARTY PUBLISHER'S MOTION TO PROCEED UNDER A PSEUDONYM (Dkt. No. 18) AND MOTION FOR LEAVE TO FILE DECLARATION UNDER SEAL AND EX PARTE (Dkt. No. 21)**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff BAM Franchising, Inc. ("BAM") submits this memorandum in opposition to the Anonymous Non-Party Publisher's Motion to Proceed Under a Pseudonym and for Ex Parte Treatment of Full-Name Notice (Dkt. No. 18) (the "Pseudonym Motion") and Motion for Leave to File Declaration Under Seal and Ex Parte (Dkt. No. 21) (the "Sealing Motion," and together, the "Motions") filed by the operator of thebammap.com (the "Publisher").

## RELIEF SOUGHT AND GROUNDS

BAM does not seek to require public disclosure of the Publisher's identity while the Publisher's motion to vacate and quash is pending. BAM opposes the Motions to the extent they ask the Court to (1) excuse service of the Publisher's full-name notice and declaration on BAM, (2) allow the Publisher to submit evidence used to support merits-based arguments BAM cannot fully evaluate or test, and (3) enter an order barring BAM from seeking the Publisher's identity at all before the Court has ruled on the Motion to Vacate or Modify. The Court should deny ex parte treatment and order the Publisher to file and serve its full-name notice and unredacted declaration on BAM's counsel on an attorneys'-eyes-only basis.

## ARGUMENT

### I. THE PUBLISHER CANNOT AVOID DUCIVR 10-2'S FILING AND SERVICE REQUIREMENTS.

DUCivR 10-2 requires a litigant seeking to proceed under a pseudonym to file its full name under seal and to serve that notice on opposing parties, as the Publisher concedes. Pseudonym Motion at 3 (citing DUCivR 10-2(a)(1)(B), (a)(2), (d)). Although the Pseudonym Motion states the notice was "filed contemporaneously under seal," *id.* at 2, the Pseudonym Motion later states that it "will file the required notice under seal so the Court has the information it needs," *id.* at 3. The Court's docket entries for the Publisher's sealed filings also direct that the "[f]iler is instructed to serve the sealed document on all other parties." *See* Dkt. Nos. 19 & 22. The Publisher has not served the sealed documents on BAM. Furthermore, the Publisher's fallback argument that DUCivR 10-2 governs only "a party" does not absolve it of the procedural requirements placed on litigants. *See* Pseudonym Motion at 4. The Publisher has entered this case to ask the Court for

affirmative relief, including to vacate the Court's Discovery Order (Dkt. No. 6), quash subpoenas, and enter a protective order. Pseudonym Motion at 2; *see also* Motion to Vacate or Modify, Dkt. No. 23. A litigant that invokes the Court's authority to obtain that relief should follow the same rules as any other litigant.

## II. THE SEALED DECLARATION GOES BEYOND ESTABLISHING STANDING AND CAN BE PROTECTED BY ATTORNEYS'-EYES-ONLY DISCLOSURE.

Generally, ex parte submissions are disfavored and are granted in limited circumstances. *See, e.g., Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5–6 (D.D.C. 2016) (explaining the ex parte submissions are allowed where (1) materials are submitted for inspection to the Court because a party seeks to prevent their use in litigation; (2) the government has made a demonstration of compelling national security concerns; or (3) such ex parte review is specifically contemplated by statute" (citations omitted)). The Publisher says it filed its declaration under seal "solely to establish [its] standing." Publisher Decl., Dkt. No. 20 ¶ 21; *see also* Sealing Motion at 2. But a significant portion of the declaration is argumentative and goes beyond establishing standing. For example, it accuses BAM of "weaponiz[ing] misinformation and disinformation," Publisher Decl. ¶ 7(a). The Publisher also relies on the declaration for the merits of its arguments raised in the Motion to Vacate or Modify, including its claim that it is not a franchisee, employee, or contractor and that no person affiliated with BAM has had access to the site. *Id.* ¶¶ 3, 5; Pseudonym Motion at 3. Whether the operator of thebammap.com is, or is acting with, an insider is an open question in this case. *See* Complaint, Dkt. No. 1, ¶¶ 22, 27–28, 44. In its Opposition to the Motion to Vacate or Modify, BAM argued that the Publisher's sealed declaration did not establish that the Publisher is not a Doe Defendant. *See* BAM Opp. to Motion to Vacate or Modify, Dkt. No. 31 at 9–10. The

Court should not relieve the Publisher of its obligation to serve the unredacted declaration and pseudonym notice on BAM's counsel while allowing the Publisher to rely on the ex parte declaration as evidence to support merits arguments.

Additionally, any legitimate interest the Publisher has can be protected by a less restrictive means, including the disclosure of the full-name notice and unredacted declaration to BAM's outside counsel only, under a protective order. That would address the Publisher's stated concern that its identity will be shared outside the context of this litigation while preserving BAM's ability to respond and complying with the standard of serving sealed documents under DUCivR 10-2.

## III. PARAGRAPH 3 OF THE PROPOSED ORDER WOULD DECIDE THE MERITS OF THE PUBLISHER'S MOTION TO QUASH.

Paragraph 3 of the Publisher's proposed order to the Pseudonym Motion would provide that "[n]o party shall . . . seek to discover, the Publisher's identity except as permitted by further order of the Court." Proposed Order Granting Pseudonym Motion, Dkt. No. 18-1 ¶ 3. That request goes beyond what is necessary under DUCivR 10-2. It is the relief the Publisher seeks in its separate Motion to Vacate or Modify, Dkt. No. 23, which BAM opposes, Dkt. No. 31. The Publisher argues that the Court should not decide the identity question before reaching the merits. Pseudonym Motion at 3. That principle applies equally to the Publisher. Paragraph 3 should be stricken. Any interim order should state that it is without prejudice to BAM's opposition to the Motion to Vacate or Modify.

## CONCLUSION

BAM respectfully requests that the Court: (1) order the Publisher to file its full-name notice under DUCivR 10-2 and serve it, together with the unredacted declaration (Dkt. No. 20), on

BAM's counsel on an attorneys'-eyes-only basis; (2) deny the requests for ex parte treatment and to excuse service; and (3) strike paragraph 3 of the proposed order (Dkt. No. 18-1)

DATED: October 28, 2026

**DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ Matthew J. Orme*
Matthew J. Orme
Kyle K. Tucker

*Attorneys for Plaintiff BAM Franchising, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system to all parties and counsel of record.

By: /s/ *Kristin Hughes*