FILED
2026 OCT 28 PM 3:03
CLERK
U.S. DISTRICT COURT

GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law
Proposed Amicus Curiae, appearing on his own behalf

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1–10,<br><br>Defendants. | **MOTION FOR LEAVE TO FILE AMICUS CURIAE MEMORANDUM IN SUPPORT OF ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION TO VACATE OR MODIFY ORDER GRANTING EXPEDITED DISCOVERY, TO QUASH OR MODIFY SUBPOENAS, AND FOR PROTECTIVE ORDER**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Proposed Amicus Gregory C. Belmont ("Movant") moves under DUCivR 7-6 for leave to file Exhibit A supporting the Anonymous Publisher's motion for relief from ECF 6 and related subpoenas (ECF 23). It addresses BAM's argument that publicity does not make its business information public or establish absolute anonymity. ECF 31 at 8. A proposed order is Exhibit B.

**Interest and usefulness.** Movant is an individual who regularly reads the Anonymous Publisher's website, The BAM Map (thebammap.com), operated a website providing legal information and news of broad interest, and produced and published a widely distributed video

documenting police misconduct that was cited in civil rights lawsuits against the nation's largest police department that resulted in monetary settlements for the plaintiffs. ECF 8-2 ¶¶ 3, 5–7; *BAM Franchising, Inc. v. Schneider, No. 2:26-cv-00593-DBB-CMR, ECF 10-1 ¶ 2.*

His memorandum focuses on *Silkwood*'s fourth factor—the type of controversy—and explains the public interest in preserving reporting on consumer affairs and governmental accountability. *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977).

**Relevant history.** On October 2, two days after ECF 6 authorized expedited discovery ex parte without hearing from the affected publisher or its sources, Movant moved for limited intervention to present objections under Rule 72(a) (ECF 8) and for interim safeguards against examination or further disclosure of identifying records pending review (ECF 9). At the Court's direction (ECF 10), BAM opposed, arguing that Movant lacked standing and party status, asserted a speculative injury shared by readers, and that the Publisher and sources had their own Rule 45 remedies. ECF 11 at 5–11. Movant replied that the threatened loss of reporting implicated his own recipient speech rights and that the Court could preserve anonymity under its authority over discovery. ECF 12 at 1–5, 9–10. The following day, counsel sought admission for the Publisher (ECF 13); admission followed (ECF 16).

The Court denied Movant's stay while his intervention motion remained pending, reasoning that he lacked a personal right or privilege in the subpoenaed records and citing his lack of personal or business ties to the operator in its third-party-standing analysis. ECF 17 at 1–3 & nn.8–10. His asserted interest, however, was his own First Amendment interest, as a regular reader, in continued access to the site's reporting. ECF 8 at 6–9; ECF 8-2 ¶¶ 5–7. The Publisher's subsequent declaration corroborated his concern about losing access: after learning

that expedited discovery had been authorized, the Publisher withheld reporting it otherwise would have published because its identity risked exposure. ECF 20 ¶ 11. His references to the reporter's privilege and Stored Communications Act identified protections the publisher could assert upon notice and statutory limits on what ECF 6 could authorize. ECF 8-1 at 9, 12–13.

With the Publisher represented and seeking vacatur or modification of ECF 6 and quashing or modification of the subpoenas (ECF 23), an interim stay (ECF 24), and similar review of ECF 6 (ECF 25), Movant withdrew his intervention motion and the objections lodged with it. ECF 27 at 1–2. The Court subsequently stayed production, directed sequestration of information already produced, and set briefing on the Publisher's motion. ECF 29.

**Scope, timeliness, and consent.** Withdrawal avoided further litigation over Movant's request for party status and permits contribution of his reader perspective through the more limited role of amicus. This motion and the proposed memorandum are timely under DUCivR 7-6(e)(1): ECF 23 was filed October 14, making October 28 the fourteen-day deadline. The memorandum addresses an argument in BAM's October 23 opposition and is submitted before the Publisher's October 30 reply deadline. ECF 29, 31. Through respective counsel, the Publisher consents and BAM objects to the filing of the proposed amicus memorandum.

Proposed Amicus respectfully requests that the Court grant leave and enter the proposed order attached as Exhibit B.

DATED this 28th day of October, 2026.

Respectfully submitted,

/s/ *Gregory C. Belmont*
Gregory C. Belmont
Proposed Amicus Curiae, appearing on his own behalf

**INDEX OF EXHIBITS**

Movant respectfully submits the following index of exhibits accompanying his Motion for Leave to File Amicus Curiae Memorandum in Support of Anonymous Non-Party Publisher's Emergency Motion:

| Exhibit | Description | Source Record Reference |
|---|---|---|
| **Exhibit A** | [Proposed] Amicus Memorandum in Support of Anonymous Non-Party Publisher's Emergency Motion | Filed Herewith |
| **Exhibit B** | [Proposed] Order Granting Motion for Leave | Filed Herewith |

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026, a true and correct copy of the following documents:

1. Motion to for Leave to File Proposed Amicus Memorandum in Support of Anonymous Non-Party Publisher's Emergency Motion,
2. Exhibit A: [Proposed] Amicus Memorandum in Support of Anonymous Non-Party Publisher's Emergency Motion, and
3. Exhibit B: [Proposed] Order Granting Motion for Leave

was emailed to the Clerk's Office at utdecf_clerk@utd.uscourts.gov for filing. Upon docketing, the Court's CM/ECF system is expected to send a notice of electronic filing to counsel of record for Plaintiff, Matthew J. Orme and Kyle K. Tucker of Dentons Durham Jones Pinegar P.C., and for Interested Party John Doe, Eric Allen and Leonard French. I also emailed a copy to matt.orme@dentons.com, kyle.tucker@dentons.com, eric@allenlawyer.com, ljfrench@leonardjfrench.com as a single pdf.

/s/ Gregory C. Belmont
Gregory C. Belmont
October 28, 2026