Matthew J. Orme (13323)
Kyle K. Tucker (19720)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111
(801) 415-3000
matt.orme@dentons.com
kyle.tucker@dentons.com

*Attorneys for Plaintiff BAM Franchising, Inc.*

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM AND SUPPORTING DECLARATION IN OPPOSITION TO ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION TO VACATE OR MODIFY ORDER GRANTING EXPEDITED DISCOVERY, TO QUASH OR MODIFY SUBPOENAS, AND FOR PROTECTIVE ORDER**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1(a)(9) and Federal Rule of Civil Procedure 6(b)(1), Plaintiff BAM Franchising, Inc. ("BAM") moves for leave to file the [Proposed] Supplemental Memorandum

attached as **Exhibit 1** and the [Proposed] Declaration of Matt McNeff attached as **Exhibit 2**,[1] in further opposition to the Anonymous Non-Party Publisher's Emergency Motion to Vacate or Modify Order Granting Expedited Discovery (ECF 6), to Quash or Modify Subpoenas, and for Protective Order (the "Motion"), Dkt. No. 23, filed by the operator of thebammap.com (the "Publisher"). Because the Court has set the Motion for hearing on November 10, 2026, Dkt. No. 36, BAM requests expedited consideration.

## RELIEF REQUESTED AND GROUNDS

Pursuant to the Court's order (Dkt. No. 29), BAM filed its Memorandum in Opposition to the Motion on October 23, 2026. Dkt. No. 31 ("Opposition"). Since then, the Publisher has posted at least twelve new updates on thebammap.com dated October 24 through November 4, 2026. *See* [Proposed] Declaration of Matt McNeff ¶¶ 8, Ex. A ("McNeff Decl."). Several of those updates reproduce BAM's internal Slack communications, including messages posted by BAM's executives and threads among BAM's franchisees, as well as excerpts of BAM's November 2026 newsletter to franchisees and quotations from BAM's Operations Manual. *Id.* ¶¶ 7–12, Exs. A–E. Supplemental briefing is within the Court's discretion and courts allow it where new evidence is provided which was not available when the original brief was filed. *See, e.g., Payne v. Progressive Direct Ins. Co.*, No. CIV-22-461-SLP, 2024 WL 1323698, at *1 (W.D. Okla. Mar. 27, 2024) ("Plaintiff should be permitted to supplement the summary judgment record with evidence which was not available when he filed his motion.").

[1] BAM has moved separately for leave to file portions of Exhibit 2 under seal. A redacted version of Exhibit 2 is included herewith.

The proposed filings are limited to those developments and to issues already before the Court. They bear on (1) whether BAM has shown good cause for expedited third-party discovery, Opp. at 5–6; (2) the *Silkwood* factors, including BAM's inability to identify the source of the disclosures through other means, the relevance of the information to BAM's contract and trade secret claims, and the type of controversy, *id*. at 6–9; and (3) whether the Publisher could be named as a defendant, *id*. at 9–10. They also bear on the Publisher's sworn statement that its "speech has been chilled" and that it has "withheld reporting" since the Discovery Order (Dkt. No. 6) was entered, *see* Publisher Decl. ¶ 11, Dkt. No. 20, on which the Publisher relies in its Reply, *see* Dkt. No. 34 at 8.

Good cause supports leave. First, the information could not have been presented earlier as every update addressed in the proposed filings post-dates the Opposition. Second, the proposed filings raise no new legal theories or issues. Rather, they supplement the factual record on arguments the parties have already briefed and that the Court must weigh under *Silkwood v. Kerr-McGee Corp*., 563 F.2d 433, 438 (10th Cir. 1977). Third, the proposed Supplemental Memorandum is brief, and the Publisher will have an opportunity to address it before, or at the November 10 hearing. Moreover, the new evidence presented is the Publisher's own posts and therefore the Publisher is aware of the post prior to this filing. Fourth, the Court's balancing will benefit from a current record of whether the disclosures at issue have continued. *See Primerica Life Ins. Co. v. Finlayson*, No. 2:24-cv-000779-AMA-DBP, 2026 WL 1091788 (D. Utah April 22, 2026) (explaining that allowing supplemental briefing is a 'supervision of litigation question' and is within the Court's discretion); *see also Geddes v. United Staffing All. Emp. Med. Plan,* 469 F.3d

919, 928 (10th Cir. 2006) ("Whether to allow supplemental briefing on a newly-raised issue is a "supervision of litigation" question we review for abuse of discretion.").

Given that the hearing is set for November 10, 2026, expedited consideration is warranted and the updates at issue were published as recently as November 4, 2026. BAM brings this Motion promptly after collecting and reviewing them.

## CONCLUSION

BAM respectfully requests that the Court grant this Motion, deem the Supplemental Memorandum and the Declaration of Matt McNeff, with exhibits, filed as of the date of the Court's order, and consider them in resolving the Motion. A proposed order granting the requested relief is attached as **Exhibit 3.**

DATED: November 6, 2026

**DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ Matthew J. Orme*
Matthew J. Orme
Kyle K. Tucker

*Attorneys for Plaintiff BAM Franchising, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system to all parties and counsel of record.

By: /s/ *Kristin Hughes*

# EXHIBIT 1

Matthew J. Orme (13323)
Kyle K. Tucker (19720)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111
(801) 415-3000
matt.orme@dentons.com
kyle.tucker@dentons.com

*Attorneys for Plaintiff BAM Franchising, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **[PROPOSED] PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION TO VACATE OR MODIFY ORDER GRANTING EXPEDITED DISCOVERY, TO QUASH OR MODIFY SUBPOENAS, AND FOR PROTECTIVE ORDER**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff BAM Franchising, Inc. ("BAM") submits this Supplemental Memorandum, with leave of Court, in further opposition to the Anonymous Non-Party Publisher's Emergency Motion to Vacate or Modify Order Granting Expedited Discovery (ECF 6), to Quash or Modify Subpoenas, and for Protective Order (the "Motion"), Dkt. No. 23, filed by the operator of thebammap.com (the "Publisher"). This Supplemental Memorandum addresses developments that

occurred after BAM filed its Opposition on October 23, 2026, Dkt. No. 31 ("Opposition"), and issues already presented in the parties' briefing.

## SUPPLEMENTAL FACTS

1. Between October 24 and November 4, 2026, thebammap.com published at least twelve new updates. Declaration of Matt McNeff, ¶ 8, Ex. A ("McNeff Decl.").

2. On October 31, 2026, the site reproduced a message that BAM's Chief Operations Officer posted overnight into October 30, 2026 in the #announcements_general channel of BAM's internal Slack workspace, together with franchisees' replies posted in the #forum_operations channel on October 31. *Id.* ¶ 12, Ex. E.

3. On November 3, 2026, the site reproduced the Executive Message section of BAM's November 2026 newsletter to franchisees and a #forum_operations thread posted that same day. *Id.* ¶ 11, Ex. D.

4. Also on November 3, 2026, the site reproduced a message that BAM's Chief Executive Officer posted in #announcements_general earlier that day. *Id.* ¶ 9, Ex. B. And it reproduced #forum_sales-and-deals and #forum_operations threads posted October 31 through November 3, 2026, an internal "Success Matrix" breakdown that a franchisee posted to Slack, and quotations from Sections 15.2 and 15.3 of BAM's Operations Manual. *Id.* ¶ 10, Ex. C.

5. The Slack workspace, the newsletter, the Success Matrix, and the Operations Manual are not available to the public, and BAM did not authorize their disclosure. *Id.* ¶¶ 2–6, 13. BAM has not identified the person or persons who supplied these materials. *Id.* ¶ 14.

6. The Publisher declared on October 14, 2026 that its "speech has been chilled" and that it has "withheld reporting that I would otherwise be posting." Publisher Decl. ¶ 11, Dkt.

No. 20; *see also* Publisher's Reply at 8, Dkt. No. 34. The site's own index reflects continuous publication before and after that declaration, including updates reporting on this action and the Court's October 16, 2026 Order Granting Interim Stay of Production. McNeff Decl. Ex. A.

7. On July 6, 2026, this Court entered a Preliminary Injunction in *BAM Franchising, Inc. v. Schneider*, No. 2:26-cv-00593-DBB-CMR (D. Utah), ECF No. 21 (the "Schneider Injunction"), a true and correct copy of which is attached as **Exhibit A.**

8. The Schneider Injunction restrains the defendants in that action, including Benjamin Schneider (aka Reckless Ben), Reckless Ben LLC, and Victor Nguyen, together with "their affiliates, employees, contractors, agents and representatives, and anyone acting in concert with them, directly or indirectly, in person, remotely or online," from "[s]oliciting [BAM's] employees, franchisees or contractors to leak confidential information." *Id.* ¶ 1(g). The Schneider Injunction remains in effect until further order of the Court. *Id.* ¶ 4.

9. The Publisher describes thebammap.com as a website that reports on BAM's dispute with Mr. Schneider. *See* Mot. at 2; Publisher Decl. ¶¶ 7, 12–16, Dkt. No. 20.

## ARGUMENT

### I. THE CONTINUING DISCLOSURES CONFIRM GOOD CAUSE.

Good cause exists where a plaintiff has a viable claim, cannot identify the responsible persons without discovery, and faces a risk that evidence will be lost if discovery is delayed. *See Arista Records LLC v. Does 1-19,* No. 2:07-cv-00971-TS, 2008 WL 10874285, at *1 (D. Utah Jan. 11, 2008). The post-Opposition updates are relevant to each of these factors to a showing of good cause. The materials disclosed were created after BAM filed its Complaint and after the Publisher appeared, which shows that the disclosures are ongoing, that someone with current

access to BAM's internal systems continues to transmit BAM's confidential communications, and that BAM's internal measures have not stopped it. Supp. Facts ¶¶ 1–5. Given these developments and the allegations raised in the Complaint and Motion for Expedited Discovery, BAM has made a showing of good cause to seek expedited discovery.

## II. THE NEW DEVELOPMENTS FURTHER SUPPORT DISCLOSURE UNDER *SILKWOOD.*

The recent developments lend further support to BAM's arguments under *Silkwood v. Kerr-McGee Corp*., 563 F.2d 433, 438 (10th Cir. 1977). First, the Publisher argues that BAM can identify the source from its own logs. Mot. at 7–8; Reply at 6–7. But the post-Opposition disclosures came from Slack channels available only to individuals with internal access accounts. As set forth in the Opposition, BAM's internal access records can show who could view a message, but they do not show who transmitted it to a third party. Opp. at 6. BAM's continuing investigation has not identified the source of these on-going disclosures on confidential information and communications. McNeff Decl. ¶ 14.

Second, the new updates disclose the same categories of information on which BAM's claims rest, including internal communications and Operations Manual content. Compl. ¶¶ 9, 11; Supp. Facts ¶¶ 2–5. Records identifying who is supplying that information go to the heart of BAM's breach of contract and trade secret claims *See* Opp. at 7.

Third, this case is fundamentally based on claims of breach of contractual confidentiality obligations and misappropriation and disclosure of trade secrets. Opp. at 7–9. That the disclosures continue during this litigation weighs further in BAM's favor given that the parties involved in those disclosures, including the Publisher, have notice of BAM's claims. And the Publisher's claimed chilling of protected speech, *see* Publisher's Reply at 8, Dkt. No. 34, should be weighed

against the record of continued publication, which includes BAM's newly leaked internal communications. Supp. Facts ¶¶ 1–4, 6. The Publisher's claim to a chilling effect has proven to be inaccurate as it continues to post the confidential information despite its voluntary and knowing participation in these proceedings.

## III. THE PUBLISHER'S CONTINUED PUBLICATION, WITH KNOWLEDGE OF THIS ACTION, SUPPORTS THAT IT COULD BE A DEFENDANT.

BAM has argued that the Defend Trade Secrets Act and the Utah Uniform Trade Secrets Act reach a person who discloses a trade secret knowing or having reason to know that it was derived through a person who owed a duty of secrecy. *See* Opp at 9–10 (citing 18 U.S.C. § 1839(5)(B)(ii); Utah Code Ann. § 13-24-2(2)(b)(ii)). After appearing in this action and submitting briefing and arguments regarding BAM's allegations that franchisees and other insiders owe BAM duties of confidentiality, the Publisher continued to publish newly obtained internal BAM communications and Operations Manual content. Supp. Facts ¶¶ 1–6. That conduct, undertaken with actual knowledge of BAM's claims, further supports that the Publisher could be named as a Doe Defendant, including as a person who knowingly aids and abets the ongoing disclosure of BAM's confidential information or knowing participate in trade secret violations under 18 U.S.C. § 1839(5)(B)(ii) and Utah Code Ann. § 13-24-2(2)(b)(ii). The fact that Publisher has continued to engage in this type of conduct despite notice of the claims, undermines its claims to a chilling effect or that it is merely making public comment regarding BAM. The Publisher continues to be actively involved in and participate in disclosing confidential information.

## IV. THE SCHNEIDER INJUNCTION AND THE PUBLISHER'S ONGOING POST UNDERMINES THE PUBLISHER'S REQUEST FOR ABSOLUTE ANONYMITY.

The Publisher's continued publication of newly leaked materials also bears on the Schneider Injunction. That injunction bars the *Schneider* defendants, and their affiliates, agents, representatives, and anyone acting in concert with them, from soliciting BAM's employees or franchisees to leak confidential information. Supp. Facts ¶¶ 7–8; *see also* Fed. R. Civ. P. 65(d)(2). The Publisher's declaration states only that it is not a BAM franchisee, employee, or contractor. *See* Publisher Decl. ¶¶ 3, 5. It does not address whether the Publisher is, or is acting in concert with, a person restrained by the Schneider Injunction. BAM cannot determine whether the Publisher is subject to the Schneider Injunction, or whether it should be named as a Doe Defendant, *see supra* Section III, without knowing the identity of the Publisher. For the same reason, the Court should not permit the Publisher to withhold its identity from BAM under the Pseudonym Motion. At a minimum, the Publisher's full-name notice should be served on BAM's counsel on an attorneys'-eyes-only basis, as BAM has requested. *See* Opp. to Pseudonym Mot. at 2–4, Dkt. No. 32.

## CONCLUSION

For these reasons and those stated in the Opposition, BAM respectfully requests that the Court deny the Motion or, in the alternative, adopt the conditions set out in Section V of the Opposition. Opp. at 10–12.

DATED: November 6, 2026 **DENTONS DURHAM JONES PINEGAR P.C.**

*/s/ Matthew J. Orme*
Matthew J. Orme
Kyle K. Tucker

*Attorneys for Plaintiff BAM Franchising, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system to all parties and counsel of record.

By: /s/ *Kristin Hughes*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSELL, and VICTOR NGUYEN,<br><br>Defendants. | **ORDER GRANTING [11] JOINT MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:26-cv-00593-DBB-CMR<br><br>District Judge David Barlow |

Based on the Parties' Joint Motion for Modification of Temporary Restraining Order and Entry of Preliminary Injunction (the "Motion")[1], and for good cause shown, the Court hereby grants the Parties' Motion and modifies the Temporary Restraining Order previously entered in Fourth District Court for the State of Utah and enters the following Preliminary Injunction:

Plaintiffs allege they are suffering and will continue to suffer immediate and irreparable injury before this action can be fully heard, as set forth in the Verified Complaint and Motion for Temporary Restraining Order. Defendants dispute these allegations, intend to assert counterclaims against Plaintiffs, and contest Plaintiffs' entitlement to any relief, including, but not limited to, a permanent injunction. Plaintiffs likewise dispute Defendants' counterclaims.

[1] Joint Motion Preliminary Injunction, ECF No. 11, filed June 30, 2026.

Despite these differences, the Parties have agreed to mediate this case, and in light of this, the Court enters the following Preliminary Injunction:

1. Defendants agree that they, their affiliates, employees, contractors, agents and representatives, and anyone acting in concert with them, directly or indirectly, in person, remotely or online, are immediately restrained from:

   a. Making, transmitting, soliciting, encouraging, and/or facilitating death threats, bomb threats or other threats of physical violence and/or knowingly and intentionally engaging in property destruction, stalking, trespass, interference, extortion, personal injury or property damage against Plaintiffs, their independent franchisees, employees, officers, owners, customers, attorneys, vendors or family members;

   b. Publishing or encouraging others to publish personal addresses, personal phone numbers, personal email addresses, family information or other doxxing information of any kind regarding Plaintiffs' personnel, franchisees, owners or employees;

   c. Entering, remaining at, filming, blocking access to, or approaching within a defined distance (not less than 100 yards) Plaintiffs' or their franchisees' stores, offices, warehouses, franchise locations, parking areas, employee homes or franchisee homes hereafter, except through counsel, lawful service of process or court-approved activity;

   d. Impersonating Plaintiffs, any franchisee, law enforcement, a court officer, a delivery service, a customer, a government entity, employee or any other third party to obtain signatures, access, statements, employee information, audio/video recordings, customer information and/or to effectuate an interference or business disruption;

e. Touching, altering, covering, defacing or placing signage or any other form of communication affecting Plaintiffs' or their franchisees' physical property;

f. Physically blocking, deterring or interfering with customers, employees, vendors or delivery personnel doing business with Plaintiffs or their franchisees in any way, including entering or leaving any such locations; and

g. Soliciting Plaintiffs' employees, franchisees or contractors to leak confidential information, record inside stores without authorization, obtain phone numbers or private information, or create or participate in staged confrontations.

2. Subject to the foregoing, nothing in this order shall prohibit Defendants from discussing Plaintiffs, commenting on this litigation, publishing court filings, engaging in investigative journalism, expressing opinions, criticism, satire, and/or commentary, through any lawful means or methods they choose, including, but not limited to, YouTube, Tik Tok, Instagram, and podcasts, and/or other internet, television, radio, and social media platforms.

3. Pursuant to Fed. R. Civ. P. 65(c), Plaintiffs shall not be required to pay as security a bond at this time.

4. The preliminary injunction will remain in effect until further order of the Court.

5. Nothing in the Preliminary Injunction shall be construed as a waiver of any Party's defenses and right to pursue past, present and future claims and damages against any other Party.

Signed July 6, 2026.

BY THE COURT

David Barlow
United States District Judge

# EXHIBIT 2

Matthew J. Orme (13323)
Kyle K. Tucker (19720)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Ste. 2400
Salt Lake City, UT 84111
(801) 415-3000
matt.orme@dentons.com
kyle.tucker@dentons.com

*Attorneys for Plaintiff BAM Franchising, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **[PROPOSED] DECLARATION OF MATT MCNEFF IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO ANONYMOUS NON-PARTY PUBLISHER'S EMERGENCY MOTION TO VACATE OR MODIFY ORDER GRANTING EXPEDITED DISCOVERY, TO QUASH OR MODIFY SUBPOENAS, AND FOR PROTECTIVE ORDER**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

I, Matt McNeff declare as follows:

1. I am the Chief Operations Officer of Plaintiff BAM Franchising, Inc. ("BAM"). I am over 18 years of age. I have personal knowledge of the facts stated in this declaration, including

through my review of BAM's business records maintained in the ordinary course of business, and could testify competently to them.

2. BAM maintains a Slack workspace for internal communications among BAM personnel and BAM franchisees. Access to the workspace requires an individual account issued or approved by BAM. The workspace is not accessible to the public.

3. The #announcements_general, #forum_operations, and #forum_sales-and-deals channels are internal channels within BAM's Slack workspace.

4. BAM distributes a monthly newsletter to its franchisees. BAM distributed its November 2026 newsletter only to its franchisees and other internal personnel and did not publish it to the public.

5. BAM's Franchisee Training & Operations Manual (the "Operations Manual") is provided only to franchisees and authorized personnel. The "Success Matrix" is an internal store-performance tool that BAM makes available to franchisees through. Neither is available to the public.

6. BAM's franchisees are bound by confidentiality obligations in their franchise agreements, which cover BAM's internal communications, the Operations Manual, and BAM's other confidential information.

7. On or about November 3, 2026, I accessed thebammap.com and viewed the pages attached as Exhibits A through E. Each exhibit is a true and correct copy of the page as it appeared on the date I viewed it.

8. Exhibit A is the site's "Updates" index page as it appeared on November 4, 2026. It lists at least twelve updates dated October 24 through November 4, 2026: October 24,

October 26, October 28, and October 31; two on November 1; two on November 2; three on November 3; and one on November 4, 2026.

9. Exhibit B is a post dated November 3, 2026 titled "Ammon McNeff corrected the 82% to 83%, removed the stores that were 'inadvertently' counted, and told the owners BAM cannot assess a single store's profitability from the figure." It reproduces a message that BAM's Chief Executive Officer, Ammon McNeff, posted in the #announcements_general channel of BAM's Slack workspace on November 3, 2026. I have compared the text in Exhibit B with BAM's Slack records, and it matches the message as posted.

10. Exhibit C is a post dated November 3, 2026 titled "An owner holding 7,000 retired LEGO sets offered other BAM owners $20,000 and $30,000 lots. One owner called it "predatory," and Ammon McNeff's "rising tide" a "big ship rams smaller ships" philosophy." It reproduces posts and threads from the #forum_sales-and-deals and #forum_operations channels of BAM's Slack workspace dated October 31 through November 3, 2026; a "Success Matrix" breakdown posted to that channel; and quotations from Sections 15.2 and 15.3 of the Operations Manual. I have compared those materials with BAM's Slack records and the Operations Manual, and they match them.

11. Exhibit D is a post dated November 3, 2026 titled "BAM told its franchisees that 82% of its reporting stores show "positive growth." In BAM's own Slack the owners asked Ammon McNeff how, then posted their own numbers, and every one of them splits the year in May." It reproduces portions of the Executive Message section of BAM's November 2026 newsletter to franchisees and a thread posted in the #forum_operations channel on November 3,

2026. I have compared those materials with the newsletter and BAM's Slack records, and they match them.

12. Exhibit E is a post dated October 31, 2026 titled "On October 30, Matthew McNeff told BAM's owners "we believe we've corrected the issue" that removed BAM's branding from Google results. Next day, owners said it was not fixed." It reproduces a message that I posted in the #announcements_general channel overnight into October 30, 2026, and replies posted in the #forum_operations channel on October 31, 2026. I have compared those materials with BAM's Slack records, and they match.

13. BAM did not authorize any person to disclose the materials reproduced in Exhibits B through E to thebammap.com or to the public.

14. Since October 23, 2026, BAM has continued its internal investigation into the source or sources of the disclosures. BAM has not identified the person or persons who provided the materials reproduced in Exhibits B through E to thebammap.com.

15. Each of the materials reproduced in Exhibits B through E was created after BAM filed its Complaint in this action, and each was published on thebammap.com after BAM filed its Opposition on October 23, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 6, 2026, at Utah County, Utah.

/s/ *Matt McNeff**

Matt McNeff

*signature affixed with permission

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, a true and correct copy of the foregoing was served via the Court's electronic filing system to all parties and counsel of record.

By: /s/ *Kristin Hughes*

# EXHIBITS A-E
# Redacted

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM AND SUPPORTING DECLARATION**<br><br>Case No. 2:26-cv-00895-DBB<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the Court is Plaintiff BAM Franchising, Inc.'s Emergency Ex Parte Motion for Leave to File Supplemental Memorandum and Supporting Declaration in Opposition to Anonymous Non-Party Publisher's Emergency Motion to Vacate or Modify Order Granting Expedited Discovery, to Quash or Modify Subpoenas, and for Protective Order (the "Motion for Leave"). Having considered the Motion for Leave, and for good cause shown, the Court GRANTS the Motion for Leave and ORDERS as follows:

1. Plaintiff's Supplemental Memorandum and the Declaration of Matt McNeff with exhibits, attached as Exhibits 1 and 2 to the Motion for Leave, are deemed filed as of the date of this Order.
2. The Court will consider the Supplemental Memorandum and Declaration in resolving the Anonymous Non-Party Publisher's Emergency Motion to Vacate or

Modify Order Granting Expedited Discovery (ECF 6), to Quash or Modify Subpoenas, and for Protective Order, Dkt. No. 23.

IT IS SO ORDERED.

DATED: _____________

BY THE COURT:

________________________________
Dustin B. Pead
United States Magistrate Judge