Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM AND FOR EX PARTE TREATMENT OF FULL-NAME NOTICE (ECF 18)**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of challenging discovery directed at its identity and reserving all defenses, including personal jurisdiction, submits this reply in support of its Motion to Proceed Under a Pseudonym and for Ex Parte Treatment of Full-Name Notice (ECF 18) (the "Motion"), and in

response to BAM's opposition (ECF 32) (the "Opposition"), and to the portion of BAM's proposed supplemental memorandum that addresses the Motion (ECF 38 at 12). The Opposition also addressed the Publisher's Motion for Leave to File Declaration Under Seal and Ex Parte (ECF 21), which the Court has granted. ECF 35.

**INTRODUCTION**

BAM "does not seek to require public disclosure of the Publisher's identity while the Publisher's motion to vacate and quash is pending." ECF 32 at 2. The remaining dispute is narrower: whether BAM's counsel should receive the Publisher's name now, before the Court decides whether BAM may have it at all.

The Court has already answered that question for the Publisher's declaration. It found that the declaration "contains information entitled to protection under the law, namely the identity of an anonymous speaker whose identity is the subject of a pending motion." ECF 35 at 1. It ordered the declaration to "remain under seal and ex parte pending resolution of the Motion to Vacate or Modify (ECF No. 23)," and excused service on BAM "pending further order." *Id.* ¶¶ 1–2. The full-name notice (ECF 19) contains the same identity and no other information about the Publisher. It should be treated the same way.

BAM's objection to paragraph 3 of the proposed order (ECF 18-1) has merit in part. A revised proposed order is submitted with this reply. It confines paragraph 3 to the public record, leaves discovery to the Court's ruling on ECF 23, and states, as BAM requests, that the order is without prejudice to BAM's opposition to that motion. *See* ECF 32 at 4.

## ARGUMENT

### I. The Court's Sealing Order Answers the Service Question.

#### A. The Notice Holds Only What ECF 35 Already Protects.

The Opposition asked the Court to "deny ex parte treatment" and to order the Publisher to serve both the full-name notice and the unredacted declaration on BAM's counsel on an attorneys'-eyes-only basis. ECF 32 at 2, 4–5. The Court has since ordered that the declaration remain sealed and ex parte, excused its service on BAM, and provided that it "will not be unsealed without notice to the Publisher and an opportunity to be heard." ECF 35 ¶¶ 1–3.

Each reason BAM gave for serving the declaration is weaker as applied to the notice. BAM objected that the declaration is "argumentative," goes "beyond establishing standing," and supports merits arguments BAM "cannot fully evaluate or test." ECF 32 at 2–3. The notice makes no argument and supports no merits position. It gives the Court the Publisher's full name, as DUCivR 10-2(a)(1)(B) requires. The rule describes the parallel notice for minors as "required to allow the court to conduct a conflict check." DUCivR 10-2(a)(2). Serving the notice on BAM would do nothing for any of those purposes. It would only give BAM the identity that ECF 35 protects until the Court decides ECF 23.

#### B. The Service Instruction Yields to the Court's Order.

BAM relies on the docket notes for ECF 19 and 22, which instruct the filer "to serve the sealed document on all other parties." ECF 32 at 2. Those notes state the default rule. *See* ECF Procedures Manual, Parts III.D.2, IV.A.3.d. The same note accompanied the sealed declaration (ECF 22), and the Court has excused its service. ECF 35 ¶ 2. The Local Rules allow the Court to modify the sealing procedures "upon a showing of good cause," DUCivR 5-3(b)(7), and apply

except when, "in the court's opinion, the application is not feasible or just," DUCivR 1-1(a). Requiring service of an identity whose disclosure is the subject of a pending motion would decide that motion before the Court hears it.

DUCivR 10-2(d)'s service requirement has a specific function: it starts the opposing party's time to object to the use of a pseudonym. BAM has objected, in full, without knowing the Publisher's name. ECF 32. The Motion asked the Court to excuse service for that reason, ECF 18 at 3–4, and the Publisher has otherwise complied with the rule. To clarify the record, *see* ECF 32 at 2, the notice was filed under seal on October 14, 2026, the same day as the Motion, as ECF 19.

BAM also argues that a litigant seeking affirmative relief "should follow the same rules as any other litigant." ECF 32 at 3. The Publisher has done so. It filed the motion and the sealed notice that DUCivR 10-2(a)(1) requires, and it asked the Court, as the rules permit, to excuse service. The relief it seeks is defensive: it asks the Court to stop discovery directed at its identity. ECF 23.

## II. Attorneys'-Eyes-Only Service Would Decide the Identity Question First.

Pseudonymity is proper "where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation omitted). This District has applied that category where requiring disclosure "would destroy the very privacy right [the movants] seek to defend," and has extended pseudonymity to a nonparty witness, directing that true names be filed under seal and "maintained under seal unless otherwise ordered." *Free Speech Coal. v. Anderson*, No. 2:23-cv-00287-TS-DAO, ECF 30 at 6, 9–10 (D. Utah June 27, 2023) (unpublished).

The injury the Publisher litigates against is disclosure of its identity to BAM. ECF 20 ¶¶ 10–13, 19, 21. Attorneys'-eyes-only service would inflict that injury. Disclosure to BAM's counsel is disclosure to BAM's side of the case, and it cannot be undone. ECF 34 at 10. BAM's proposed uses of identifying information include "evaluating and seeking leave to amend the Complaint." ECF 31 at 11. BAM's proposed supplement adds a use outside this case: learning whether the Publisher "is subject to the Schneider Injunction," an order entered in another action. ECF 38 at 12. That is the opposite of the purpose for which BAM offered attorneys'-eyes-only service, to "address the Publisher's stated concern that its identity will be shared outside the context of this litigation," ECF 32 at 4, and the Standard Protective Order forbids it: attorneys'-eyes-only material "must not be used for any purpose whatsoever other than preparing for and conducting the litigation in which" it was disclosed. Standard Protective Order (B)(3); *see* DUCivR 26-2(a).

BAM accepts the principle that the Court should not "decide the identity question before reaching the merits," and invokes it against paragraph 3. ECF 32 at 4. The principle applies with greater force here. Ordering the Publisher's name served on BAM's counsel now would decide the identity question against the Publisher before the Court reaches ECF 23, and no later ruling could reverse it.

BAM's concern that it cannot test the declaration, ECF 32 at 3–4, does not require the Publisher's name. If the concern is whether the Publisher is a BAM insider, a confidential comparison can answer that question by reporting only "match" or "no match," without disclosing anyone's identity. ECF 34 at 11; ECF 34-2 ¶¶ 3–7. BAM's own authority describes ex parte submission as appropriate where "materials are submitted for inspection to the Court

because a party seeks to prevent their use in litigation." ECF 32 at 3 (describing *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 5–6 (D.D.C. 2016)). That describes the full-name notice.

## III. Paragraph 3 Should Be Narrowed, Not Stricken.

BAM objects that paragraph 3 of the proposed order, which would bar any party from seeking "to discover" the Publisher's identity, grants relief sought in ECF 23. ECF 32 at 4. The Publisher agrees that discovery of its identity is for the Court to decide on ECF 23 and has revised paragraph 3 accordingly. Rev. Proposed Order ¶ 3. As revised, paragraph 3 (a) bars public filings that disclose the Publisher's identity, which BAM does not oppose, ECF 32 at 2; (b) leaves discovery concerning that identity to the Court's interim order (ECF 29) and its ruling on ECF 23; (c) states that the order is without prejudice to BAM's opposition to ECF 23, as BAM requests, *id.* at 4; and (d) if the Court orders disclosure, holds it for 14 days, or until the District Judge rules on a timely objection under Fed. R. Civ. P. 72(a). Because disclosure cannot be undone, that short interval preserves review that would otherwise be lost.

Striking paragraph 3 altogether would remove the bar on public filings that disclose the Publisher's identity, a protection BAM says it does not oppose. ECF 32 at 2. Paragraph 2 of the revised order identifies the notice as ECF 19, keeps it sealed and ex parte for the Court's in camera review until further order, and denies without prejudice BAM's request for attorneys'-eyes-only service.

## CONCLUSION

The Publisher respectfully requests that the Court grant the Motion and enter the revised proposed order: permitting the Publisher to proceed under the pseudonym "Anonymous Non-Party Publisher of thebammap.com"; maintaining the full-name notice (ECF 19) under seal and

ex parte, for the Court's in camera review only, until further order; denying without prejudice BAM's request for attorneys'-eyes-only service (ECF 32 at 4–5; ECF 38 at 12); and excusing its service on BAM pending further order, consistent with the Court's Order of November 3, 2026 (ECF 35).

DATED: November 9, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

**CERTIFICATE OF COMPLIANCE**

I, Leonard J. French, certify that this reply contains 1,587 words and complies with DUCivR 7-1(a)(4).

/s/ Leonard J. French

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

/s/ Leonard J. French