Leonard J. French (admitted pro hac vice, ECF 16)
Pennsylvania Bar No. 312413
THE LAW FIRM OF LEONARD J. FRENCH
74 West Broad Street, Suite 400
Bethlehem, PA 18018
Telephone: (610) 466-5644
Email: ljfrench@leonardjfrench.com

Eric Allen (Utah State Bar No. 13486)
ALLEN, MITCHELL & ALLEN PLLC
2091 Murray Holladay Road, Suite 21
Salt Lake City, UT 84117
Telephone: (801) 930-1117
Email: eric@allenlawyer.com

Attorneys for Anonymous Non-Party Publisher of thebammap.com
**LIMITED APPEARANCE**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-10,<br><br>Defendants. | **ANONYMOUS NON-PARTY PUBLISHER'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM AND DECLARATION (ECF 38) AND MOTION FOR LEAVE TO FILE UNDER SEAL (ECF 39)**<br><br>**LIMITED APPEARANCE**<br><br>Case No. 2:26-cv-00895-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

The anonymous non-party publisher of thebammap.com (the "Publisher"), appearing for the limited purpose of challenging discovery directed at its identity and reserving all defenses, including personal jurisdiction, responds to Plaintiff BAM Franchising, Inc.'s Emergency Ex

Parte Motion for Leave to File Supplemental Memorandum and Supporting Declaration (ECF 38) (the "Motion for Leave") and to its motion to seal (ECF 39).

**INTRODUCTION**

The Publisher does not oppose the Court reading the updates BAM attaches, which are its own public reporting. But BAM sought leave on the representation that "the proposed filings raise no new legal theories or issues," ECF 38 at 3, and the proposed memorandum adds two. The Court should confine leave to the later updates and decline to rely on the new grounds or, if it considers them, consider this response with them.

**ARGUMENT**

**I. BAM Has Prematurely Sought Relief, Before Conferring With the Publisher.**

BAM asks for a ruling before any response and says it brought the Motion for Leave "promptly after collecting and reviewing" the updates. ECF 38 at 4. That account elides something material. On October 13, the Publisher's counsel wrote BAM's counsel that the Publisher "remains willing to discuss removing specific content that BAM identifies as objectionable," and proposed that BAM identify that content "by URL" with "a short statement of why." ECF 23-3 at 2–3. BAM never responded to that good-faith offer.

Instead, three weeks later, on November 5, BAM emailed the Publisher about the three November 3 updates now attached as Exhibits B through D to the McNeff declaration and asked whether, by the next day, the Publisher would remove all posts disclosing BAM's internal communications and documents and commit not to publish them in the future. At 3:25 p.m. MST on November 6, the Publisher's counsel replied. The reply declined a blanket removal or commitment and proposed an item-by-item process: BAM identifies each item and the basis for

its objection; the Publisher responds within five business days, removing, redacting, or keeping each item and giving reasons for any it keeps; and the same process applies to later reporting. Without conceding BAM's characterization, the reply also committed to edit the three November 3 updates by November 9. BAM nevertheless filed its Motion for Leave at 3:54 p.m. MST that afternoon (and does not mention the Publisher's reply email). The Publisher has in fact made those edits by November 9. Exhibit E was not among the items BAM's email identified.

## II. BAM's Supplement Adds Two Theories the Motion for Leave Disclaims.

BAM asked for leave because "the information could not have been presented earlier" and "the proposed filings raise no new legal theories or issues." ECF 38 at 3. Section IV of the proposed memorandum rests on a preliminary injunction signed July 6, 2026, in *BAM Franchising, Inc. v. Schneider*, No. 2:26-cv-00593 (D. Utah), ECF 38 at 16–19, which none of BAM's earlier papers in this case mention. *See* ECF 11, 28, 31, 32. BAM obtained it on a joint motion in its own case more than three months before it filed its Opposition; therefore, it is not evidence that was "not available when the original brief was filed." ECF 38 at 2.

Section III of BAM's motion now says the Publisher could be named "as a person who knowingly aids and abets the ongoing disclosure," *id.* at 11, though neither provision it cites, 18 U.S.C. § 1839(5)(B)(ii) nor Utah Code Ann. § 13-24-2(2)(b)(ii), mentions aiding and abetting. Much of the declaration is not new either. Its account of BAM's Slack workspace, newsletter, manual, and franchise agreements, ECF 38 at 22 (McNeff Decl. ¶¶ 2–6), is an improper, belated attempt to backfill evidence for assertions BAM's Opposition made without it, after the Publisher's reply pointed out that BAM had failed to offer any evidence. ECF 34 at 5.

Unless the Court orders otherwise, it "will not consider additional memoranda." DUCivR 7-1(a)(9). Both decisions BAM cites for discretion refused late-submitted material. *Primerica Life Ins. Co. v. Finlayson*, No. 2:24-cv-00779, ECF 41 at 6–8 (D. Utah Apr. 22, 2026) (unpublished); *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006). If the Court nevertheless considers the new grounds, the Publisher asks that it consider this response with them. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–65 (10th Cir. 1998).

## III. BAM's Supplement Does Not Show That Identifying the Publisher Is Necessary.

BAM asserts the updates show that "someone with current access to BAM's internal systems continues to transmit BAM's confidential communications." ECF 38 at 9–10. The Publisher is not such a person. It has sworn that it has "never been issued nor used an account, login, or other private credential for any computer system or service of BAM Franchising, Inc.," and that "[t]he Vercel and GoDaddy records will identify me and no one else." ECF 20 ¶ 5; *see id.* ¶ 3. The McNeff declaration does not contest either paragraph. The records BAM subpoenaed therefore identify the Publisher and no one else.

BAM also says, without evidence, that its access records show "who could view a message" but not "who transmitted it to a third party." ECF 38 at 10. Its Complaint identifies Slack records that "may identify individuals who copied or disclosed private internal Slack communications to unauthorized third parties," Compl. ¶ 59, yet as of October 14 the Vercel and GoDaddy subpoenas were "the only subpoenas [BAM had] served." ECF 23-1 ¶ 5. The Discovery Order found that BAM had "exhausted its internal investigation methods." ECF 6 at 2. By October 16, BAM said its investigation "has narrowed but has not conclusively identified the

source or sources of the leaks," ECF 28 at 4, and it now says that investigation is continuing. ECF 38 at 10, 24 (McNeff Decl. ¶ 14). BAM now says what matters is "who is supplying that information." ECF 38 at 10. But the website hosts' records cannot show who supplies anything. The only route from the Publisher's name to a supplier of information runs through confidential sources, which is what the *Silkwood* privilege protects. ECF 34 at 6–9. The confidential comparison proposed in the Publisher's reply would answer whether the Publisher is an insider without disclosure, ECF 34 at 11; ECF 34-2 ¶¶ 3–7, yet BAM's supplement continues to ignore it as a sensible solution.

## IV. The Supplement Treats the Publisher as a Defendant Without Making It One.

BAM says the Publisher kept publishing "with actual knowledge of BAM's claims" and so "could be named as a Doe Defendant." ECF 38 at 11. However, the Complaint pleads thebammap.com as the destination of insiders' disclosures, *not* as a defendant, Compl. ¶¶ 44, 67, and BAM has not sought leave to amend. Notice of BAM's allegations does not establish their elements. Disclosure-based misappropriation requires a trade secret and the discloser's knowledge when it disclosed. 18 U.S.C. § 1839(5)(B)(ii). The declaration calls the material confidential, ECF 38 at 22 (McNeff Decl. ¶¶ 5–6), but never a trade secret, and does not say how any of it derives "independent economic value, actual or potential, from not being generally known," 18 U.S.C. § 1839(3)(B), including the declarant's own message to franchisees about BAM's branding in Google's public search results, ECF 38 at 24 (McNeff Decl. ¶ 12). BAM concedes it cannot say whether the Publisher "should be named as a Doe Defendant" without its name. *Id.* at 12. But a party seeking to unmask an anonymous speaker must first make a showing; "[i]t is not enough for a plaintiff simply to plead and pray." *Highfields Cap. Mgmt.,*

*L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005); *see Koch Indus., Inc. v. Does*, No. 2:10CV1275DAK, 2011 WL 1775765, at *10 (D. Utah May 9, 2011) (unpublished).

BAM thus inconsistently asks the Court to treat the Publisher as a defendant for purposes of the unmasking standard and the *Silkwood* balance, and as a non-party for purposes of pleading, Rule 11, service, jurisdiction, and Rule 12. A plaintiff that believes it has a claim against the Publisher may plead it, serve it, and defend it under Rule 12 in a forum with jurisdiction over the Publisher. It may not employ the device of (weak) allegations outstripping an unpled claim to obtain, before filing that suit, the identity that the suit would require. Any such claim would also raise First Amendment questions, which the Publisher reserves. *See Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001).

Nor does continued publication contradict the Publisher's declaration. The Publisher swore that it has "withheld reporting that I would otherwise be posting if my identity were not at risk of being exposed." ECF 20 ¶ 11. BAM's quotation stops before the final clause, ECF 38 at 8–9, and the declaration said that reporting was withheld, not that the site went dark.

## V. The *Schneider* Injunction Restrains Soliciting Leaks, Not Reporting Them.

The injunction restrains the *Schneider* defendants and those "acting in concert with them" from "[s]oliciting Plaintiffs' employees, franchisees or contractors to leak confidential information," ECF 38 at 17–18 (¶ 1(g)), and provides that "nothing in this order shall prohibit Defendants from . . . publishing court filings, engaging in investigative journalism," *id.* at 18 (¶ 2). Publication, of course, is not solicitation, and the supplement does not allege that the Publisher solicited anyone; BAM's declarant says BAM has not identified the source. *Id.* at 24

(McNeff Decl. ¶ 14). Nor has BAM tied the Publisher to anyone in particular, let alone the Schneider case or any party to it.

In any event, notice alone does not bring a non-party within an injunction. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Rule 65(d)(2)(C) reaches a non-party only if it is "in active concert or participation" with a party the order binds, which reflects the principle that "defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945). BAM's supplement identifies no prohibited act by anyone the injunction binds. Whether that order has been violated is a question for the court that entered it. BAM's own proposed conditions would confine anything produced here to "identifying and serving defendants, evaluating and seeking leave to amend the Complaint, and prosecuting this action." ECF 31 at 11. Enforcing an injunction in another case goes beyond those uses. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."). BAM's renewed request for attorneys'-eyes-only service of the Publisher's name notice, ECF 38 at 12, belongs to the Motion to Proceed Under a Pseudonym (ECF 18), and the Publisher addresses it in its reply on that motion.

**VI. The Motion to Seal.**

The Publisher takes no position on sealing Exhibits B through E to the declaration, which BAM describes as copies of pages on a public website. ECF 38 at 22 (McNeff Decl. ¶ 7). This position does not concede that any of the material is confidential or a trade secret. The Publisher

notes that Exhibit A is the site's public index of updates, *id.* (¶ 8), and that the motion does not state how long the seal should last. DUCivR 5-3(b)(2)(B).

## CONCLUSION

The Court should grant leave only as to the updates published between October 24 and November 4, 2026, and the McNeff declaration's account of them; decline to rely on Section IV, its exhibit, and the aiding-and-abetting theory or, if it considers them, consider this response with them; and decide the attorneys'-eyes-only request in connection with the resolution of the Motion to Proceed Under a Pseudonym (ECF 18). A proposed order is attached as Exhibit 1. The orders at ECF 29 and ECF 35 should remain in force on their terms.

DATED: November 9, 2026

THE LAW FIRM OF LEONARD J. FRENCH

/s/ Leonard J. French
Leonard J. French (admitted pro hac vice)

ALLEN, MITCHELL & ALLEN PLLC
Eric Allen

*Attorneys for Anonymous Non-Party Publisher of thebammap.com (Limited Appearance)*

**CERTIFICATE OF COMPLIANCE**

I, Leonard J. French, certify that this response contains 1,988 words and complies with DUCivR 7-1(a)(4).

/s/ Leonard J. French

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice of the filing to all counsel of record, including:

Matthew J. Orme
Kyle K. Tucker
DENTONS DURHAM JONES PINEGAR PC
matt.orme@dentons.com; kyle.tucker@dentons.com
*Attorneys for Plaintiff*

/s/ Leonard J. French